332 So.2d 76 (1976)
Brandon TANKSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 75-508.
District Court of Appeal of Florida, Second District.
May 12, 1976.
Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Assistant Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Brandon Tanksley challenges the sufficiency of the evidence to sustain his conviction for possession of heroin.
Apparently in response to an informant's tip relayed to them by radio, two uniformed St. Petersburg police officers went to the Little Club Tavern. Adjacent to the tavern was a litter-strewn, unpaved, parking lot measuring approximately 30 yards by 20 yards. Approximately ten to twenty people were on the lot when the officers arrived. Appellant and another man were seated on a couch in the lot. One of the officers asked the individuals in the area of the couch, "Who is holding today?" *77 Appellant replied, "Not me, man." The officers then proceeded to search the area. One officer's attention was attracted to a concrete block lying about 15 feet from the couch. Under it he found a brown paper bag. Inside the bag was part of an envelope which he could see contained some foil packets. The officers then left the lot. They noticed that appellant had begun to leave the area, but it was not unusual for people in that neighborhood to leave when a police cruiser appeared.
Laboratory tests showed that the foil packets contained heroin. Inside the piece of envelope a fingerprint was found which was later identified as appellant's. The state's fingerprint experts testified they could not determine how long the print had been on the envelope. While it was a "recent" print, it could have been made five days or more before. At the close of the state's case appellant moved for a directed verdict on the basis of insufficiency of the evidence. The motion was denied. Appellant was found guilty and sentenced from 6 months to 3 years.
We agree with appellant's contention that the evidence was insufficient to sustain the conviction for possession. To prove constructive possession the state had to show appellant knew of the presence of narcotics and had the ability to reduce it to his personal dominion. Spataro v. State, Fla.App.2d 1965, 179 So.2d 873. Appellant's presence on the lot and his denial of possession of narcotics are not sufficient circumstantial evidence to indicate the requisite knowledge of the drugs. Nor is the presence of his fingerprint on the heroin-containing envelope sufficient evidence of appellant's awareness of the drugs. In Arant v. State, Fla.App.1st 1972, 256 So.2d 515, the defendant's fingerprint was found at his girl friend's house on a potato chip can which contained a marijuana plant. The district court reversed his conviction for possession. Referring to the fingerprint, the court said:
"The fingerprint proves quite conclusively that appellant touched the can. It tells us nothing about when. It could have been before the plant was in the can or it could have been afterwards. Obviously the trier of fact thought it probable that the print was made after the plant's presence in the can was manifest. But guilt cannot rest on mere probabilities." 256 So.2d at 516.
Here it was possible that appellant had handled and discarded the envelope before the heroin was placed inside. More than the fingerprint and his proximity to the drug were required to prove possession. Compare Taylor v. State, Fla.App.2d 1975, 319 So.2d 114 with Amato v. State, Fla. App.3d 1974, 296 So.2d 609.
Since we find that the evidence was insufficient, we need not consider appellant's other contention.
The judgment and sentence are reversed and the appellant discharged.
McNULTY, C.J., and GRIMES, J., concur.