467 So.2d 1061 (1985)
Osvaldo Martinez DIAZ, a/k/a Oswaldo Martinez Diaz, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-760.
District Court of Appeal of Florida, Third District.
April 23, 1985.
*1062 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Jacki B. Geartner, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
Appellant Osvaldo Martinez Diaz seeks reversal of a judgment of conviction entered upon a jury verdict finding him guilty of possession of more than twenty grams of marijuana in violation of section 893.13, Florida Statutes (1983). Sentencing was withheld and a three year probationary term was imposed with the special condition that appellant serve three months in the Monroe County Jail.
It is urged by appellant that reversal is required on the grounds that: (1) the trial court erred in permitting the admission into evidence of a collateral criminal act which was not charged in the information, and (2) the court erred in denying appellant's motion for judgment of acquittal where the evidence failed to show he had the ability to exercise dominion or control over the marijuana which was found on a porch near him.
We find merit in both contentions and reverse with directions that appellant be adjudicated not guilty and discharged. First, the court erred in admitting testimony that a small amount of marijuana and appellant's shirt were found in a car belonging to his brother and parked in front of the apartment building where appellant was seen "squatting" down on a front porch, with a companion, near several bags of marijuana. Evidence of an uncharged criminal act is inadmissible when it merely shows the bad character or propensity of the accused. Williams v. State, 110 So.2d 654 (Fla. 1959); § 90.404(2)(a), Fla. Stat. (1983). In view of the insufficiency of the evidence to connect appellant with the car and the marijuana found therein, this collateral crime evidence was irrelevant as well as prejudicial, and should not have been admitted. See Williams v. State; Chapman v. State, 417 So.2d 1028 (Fla. 3d DCA 1982); Malcolm v. State, 415 So.2d 891 (Fla. 3d DCA 1982).
Moreover, the evidence adduced was insufficient to establish appellant's constructive possession of the contraband. It was not shown that appellant had dominion or control over the marijuana that he was seen looking at and "squatting" down nearby on the porch. There were two others with appellant on the porch when the police officer first observed them; the third quickly went inside the apartment when he saw the officer; other persons were also found to be sleeping inside. Further, there was no proof that appellant owned or jointly occupied the premises. Cf. Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983) (constructive possession shown by joint occupancy of premises where contraband is discovered in plain view of owner or occupant). Since the state failed to prove that appellant regularly occupied the apartment or had a relationship with its owner or renter, appellant's mere proximity to the contraband, without more, was legally insufficient to prove possession. Johnson v. State, 456 So.2d 923 (Fla. 3d DCA 1984).
For the reasons stated, the judgment of conviction is reversed and the case remanded with directions to discharge the appellant.
Reversed and remanded.