522 So.2d 1044 (1988)
Benjamin AGEE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-3231.
District Court of Appeal of Florida, Second District.
April 6, 1988.
*1045 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Benjamin Agee, the appellant, challenges his conviction and sentence for possession of heroin. We reverse.
The state charged Agee with possession of heroin. At a jury trial, the state's evidence revealed that on January 4, 1986, at approximately 2:30 a.m. a man drove a car into a parking lot of a motel where Agee was staying. The people in the car were having a loud argument, and one of the occupants was waving a gun. After having his wife call the police, the motel manager went outside and unsuccessfully tried to break up the argument. Agee then came out of his motel room and tried to calm the situation. At that point, a police car sped into the parking lot. A number of persons scattered, including Agee, who walked hurriedly away from where he was standing and crouched behind a large oak tree.
Officers Hallman and LaPoint were dispatched to the motel on a report that there was a male in a plaid shirt waving a gun in the motel parking lot. Officer Hallman seized the male in the plaid shirt as Officer LaPoint walked over to Agee and told him to stand up. Officer Hallman then approached Agee. As he did he looked down and noticed a matchbox on the grass approximately one foot from where Agee had been crouching. Officer Hallman opened the matchbox and found nineteen tinfoil packets of heroin inside. He then searched Agee and found $300 in Agee's back pocket.
At the close of the state's case, a defense motion for judgment of acquittal was denied. Thereafter, Agee testified that he knew the driver of the car slightly and told the driver that he was on private property and should leave. Agee explained that he is a shrimper earning as much as $900 to $1100 a shrimping trip and was carrying $300 of his wages in cash at the time of his arrest. Agee also stated that he told Officer Hallman that he never had possession of the matchbox and knew nothing about it. At the close of all the evidence the defense counsel renewed the motion for judgment of acquittal. The trial judge again denied the motion and found the determinative facts to be:
That when the police arrived the officers testified that the defendant looked directly at him and then walked hurriedly from this position to a point where it was difficult for the police officer to see him there squatting behind a tree, and,
Secondly, within a foot of where he was found to be squatting behind the tree was found this box, this matchbox full of heroin.
The jury found Agee guilty as charged. The trial judge adjudicated him guilty and sentenced him to two years in prison. This timely appeal ensued.
At the outset we note that Agee was not in actual possession of the heroin, so it was incumbent upon the state to establish Agee's guilt by proving constructive possession. Constructive possession exists where the accused, without physical possession of the controlled substance, *1046 knows of its presence on or about the premises and has the ability to maintain control over the controlled substance. Brown v. State, 428 So.2d 250, 252 (Fla.) cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). To establish constructive possession, the state must show that the accused had dominion and control over the contraband, knew of its presence, and was aware of the illicit nature of the contraband. Kuhn v. State, 439 So.2d 291 (Fla. 3d DCA 1983); Brown, 428 So.2d at 252. Mere proximity to the contraband, without more, is legally insufficient to prove possession. Pena v. State, 465 So.2d 1386 (Fla. 2d DCA 1985). Agee argues that his motion for judgment of acquittal should have been granted inasmuch as the evidence showed only proximity to the heroin and flight from the police. We agree.
In Tanksley v. State, 332 So.2d 76 (Fla. 2d DCA 1976), the police officers went to a parking lot adjacent to a tavern. A number of people were in the lot, including the defendant who was sitting there on a couch. The officers asked the defendant if he had any drugs, and the defendant said "no." One of the officers noticed a concrete block lying about fifteen feet from where the defendant was sitting. Under the block he found a brown paper bag which contained foil packets of heroin in an envelope that had the defendant's fingerprint on it. This court reversed the defendant's conviction for possession of contraband, finding that the defendant's presence on the lot and his denial of possession of narcotics were not sufficient circumstantial evidence to establish the requisite knowledge. Under the peculiar circumstances in Tanksley the defendant's fingerprint on the envelope was also insufficient evidence of his awareness of the heroin.
In Diaz v. State, 467 So.2d 1061 (Fla. 3d DCA 1985), a man was squatting on a porch and appeared to be looking at bags of marijuana. This was found to be insufficient to establish the defendant's constructive possession of the marijuana or that he had dominion or control over the contraband where there were two others with the defendant on the porch when the police first observed them.
The mere fact that Agee was found twelve inches from the heroin is insufficient to support a finding that he was in possession of the contraband. Further, the heroin was found behind a tree in a public place. See D.K.W. v. State, 398 So.2d 885 (Fla. 1st DCA 1981); Tanksley, 332 So.2d 76. Moreover, there were others on the motel premises. Diaz, 467 So.2d at 1062. There was no evidence that Agee touched the match box. See Hons v. State, 467 So.2d 829 (Fla. 2d DCA 1985). Finally, evidence that Agee fled from the police is insufficient to prove guilt. Kuhn, 439 So.2d at 294; see also Miller v. State, 420 So.2d 631 (Fla. 2d DCA 1982); Morgan v. State, 355 So.2d 149 (Fla. 1st DCA), cert. denied, 361 So.2d 835 (Fla. 1978). We hold that Agee's proximity to the heroin and his flight from the police were insufficient circumstantial evidence to establish his constructive possession of the contraband. Thus, the trial court erred in denying the defense motions for judgment of acquittal.
In view of our disposition of this case we need not address Agee's remaining points on appeal.
Reversed.
SCHOONOVER and LEHAN, JJ., concur.