573 So.2d 124 (1991)
Dennis WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2488.
District Court of Appeal of Florida, Fourth District.
January 9, 1991.
*125 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Miles E. Ferris, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
In the early afternoon of August 21, 1989, two uniformed police officers drove up to a pool hall where they saw a group of men on the north side of the building. The men were standing around a recliner chair in which appellant was sitting. The group moved to a picnic table as the officers approached them for questioning. The officers searched the chair and found two cocaine rocks located between the seat cushion and the armrest and another on the ground under the chair. They arrested appellant, and their search of his person revealed cash in the amount of $521.00.
Appellant was tried and convicted of possession of cocaine with intent to sell. In addition, the court revoked his probation. He appeals.
We reject appellant's invitation that we reverse the order of revocation of probation. In Russ v. State, 313 So.2d 758 (Fla.), cert. denied, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975), the supreme court held that:
A revocation proceeding concerns conduct which violates the terms of probation for an already-established criminal offense. "Proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation." Bernhardt v. State, [288 So.2d 490, 501 (Fla. 1974)].
Id. at 760. Maselli v. State, 446 So.2d 1079 (Fla. 1984) ("the judge may revoke probation upon finding that such unlawful act was committed by the probationer; it is not necessary that there be a conviction of the unlawful act"). The circumstances surrounding the substantive charges provided the trial judge a sufficient factual basis for the revocation of probation.
Appellant suggests several grounds for reversal of his conviction. We find error in one important aspect of the lower court proceedings and reverse. We do not reach the other points on appeal.
Appellant was convicted under section 893.13(1)(a), Florida Statutes (1989), which provides in part that, "it is unlawful for any person to sell, purchase, manufacture, or deliver, or possess with intent to sell, purchase, manufacture, or deliver, a controlled substance." Because it is clear that appellant did not have actual or physical possession of the cocaine rocks, the state had to prove constructive possession. The elements of constructive possession can be proven by circumstantial evidence, Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981), and include:
(1) The accused must have dominion and control over the contraband; (2) The accused must have knowledge that the contraband is within his presence; and, (3) The accused must have knowledge of the illicit nature of the contraband.
Brooks v. State, 501 So.2d 176 (Fla. 4th DCA 1987); Wale, 397 So.2d at 739.
The state does not dispute the proposition that mere proximity to the contraband without more is legally insufficient to prove possession. Wallace v. State, 553 So.2d 777 (Fla. 4th DCA 1989); Agee v. State, 522 So.2d 1044 (Fla. 2d DCA 1988); *126 Brooks v. State, 501 So.2d 176 (Fla. 4th DCA 1987) (defendant found exiting the closet of the owner of the house wherein cocaine was found in plain view did not have constructive possession of the cocaine absent evidence of ability to exercise dominion and control over the cocaine); Johnson v. State, 456 So.2d 923 (Fla. 3d DCA 1984).
In Agee, an officer approached Agee as he crouched behind a large tree. The officer noticed a matchbox on the grass about one foot from where Agee had been crouched and found heroin inside. He then searched Agee and found $300 in his pocket. Agee testified that the $300 was part of his wages. At trial, Agee's motions for acquittal were denied, and he was adjudicated guilty of possession of heroin. The second district reversed Agee's conviction and held that:
The mere fact that Agee was found twelve inches from the heroin is insufficient to support a finding that he was in possession of the contraband. Further, the heroin was found behind a tree in a public place. See D.K.W. v. State, 398 So.2d 885 (Fla. 1st DCA 1981); Tanksley [v. State, 332 So.2d 76 (Fla. 2d DCA 1976)]. Moreover, there were others on the motel premises. Diaz [v. State, 467 So.2d 1061, 1062 (Fla. 3d DCA 1985)]. There was no evidence that Agee touched the match box. See Hons v. State, 467 So.2d 829 (Fla. 2d DCA 1985)... . We hold that Agee's proximity to the heroin and his flight from the police were insufficient circumstantial evidence to establish his constructive possession of the contraband. Thus, the trial court erred in denying the defense motions for judgment of acquittal.
Similarly, in the present case, the only evidence presented by the state was that appellant was seated in a chair with a group of six to ten men "tightly packed around the chair." Two cocaine rocks were found between the cushion and the armrest of this chair, and a third rock that had apparently fallen through was found on the ground underneath the chair. There was no evidence that appellant's fingerprints were on the cocaine, and there was no evidence that appellant was actually seen with the cocaine.
Clearly, the evidence is insufficient to show that appellant knew of the presence of the cocaine and that he had dominion and control over it. The chair was in a public place, and was easily accessible to any of the men who were with appellant. The evidence presented only proves that appellant was in proximity to the cocaine.
Furthermore, even assuming for the sake of argument that the state did prove constructive possession, it is clear that the state did not make out a prima facie case of possession with intent to sell. Because there was no direct evidence of appellant's intent to sell, the state had to show intent by circumstantial evidence. As stated in Cockett v. State, 507 So.2d 1217 (Fla. 4th DCA 1987):
Intent may be, and in fact usually is, shown largely by circumstantial evidence but if the proof of intent rests solely upon circumstantial evidence (as it does here) the proof must be not only consistent with the guilt of the accused but also inconsistent with any other reasonable hypothesis.
Id. (citations omitted).
In McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989), the defendant conceded that the evidence proved possession of cocaine, but appealed the trial court's denial of a motion for judgment of acquittal on the ground that the state had failed to present prima facie evidence as to the element of intent to sell. This court held that:
While the amount and quantity of drugs possessed by an individual may be circumstantial evidence of his intent to sell where such amount is inconsistent with personal use, possession of small amounts of cocaine is not inconsistent with appellant's possessing cocaine, not for sale, but exclusively for his personal use... .
While quantity and value may be sufficient [circumstantial evidence to prove intent to sell] when the quantity is substantial, in cases where small amounts of *127 narcotics are found, courts generally require other proof of suspicious circumstances, drug paraphernalia available, or other evidence which circumstantially would indicate an intent to sell.
In the instant case, the only other evidence which could possibly connect the defendant with an intent to sell was that he was with a large group of people. However, that is as consistent with the state's theory that he was attempting to sell to this group as it is with the theory that the defendant simply had possession of the drugs and upon seeing individuals known to be police coming up, he walked away and got rid of the narcotics.
The state's case raises no more than a suspicion of intent to sell.
Id. at 721. As in McCullough, the state's evidence in the present case "raises no more than a suspicion of intent to sell." Id.
Also, evidence that appellant possessed $521.00 at the time of his arrest is insufficient to prove that he was dealing in drugs. Appellant testified that the money was his pay from his job maintaining a golf course and from his weekend job. Although there was some evidence that appellant was not employed on April 10, 1989, it does not necessarily follow that he was still unemployed on the date of his arrest, April 21, 1989. Thus, this evidence introduced to prove that appellant was selling cocaine is not "inconsistent with any other reasonable hypothesis," Cockett, 507 So.2d at 1217, and is therefore insufficient to show that appellant had an intent to sell.
Additionally, there was testimony that it is customary for drug dealers to hide their main cocaine supply and carry only a few cocaine rocks on their person for sale. We find that this is not inconsistent with the theory that appellant possessed the three cocaine rocks for his own use where there was no evidence that a large supply of cocaine was actually found close to the place of arrest.
Because "the state presented no evidence that was susceptible only of an inference that appellant was guilty as charged," McCullough, 541 So.2d at 722, we affirm the revocation of probation but reverse appellant's conviction of possession with intent to sell.
AFFIRMED IN PART; REVERSED IN PART.
HERSEY, C.J., and GLICKSTEIN and POLEN, JJ., concur.