PER CURIAM.
Sergio Chavez appeals the judgment adjudicating him guilty of trafficking in methamphetamine, arguing that the trial court erred in denying his motion for judgment of acquittal. We reverse and direct the trial court to enter a judgment of acquittal.
The following facts were adduced at trial. Officers with the Highlands-County Sheriff’s Office conducted a surveillance of Hilda and John Escamilla’s residence for three months. The officers took photographs and tag numbers of vehicles seen at the residence. One of the vehicles seen at the residence was a Ford van registered to Chavez.
In August 1994, during the surveillance, the officers stopped a Mercury automobile that had just left the residence. Maria Gonzalez was driving the vehicle and the eode-fendant, Hilda Escamilla, was a passenger. The officers obtained consent to search the trunk of the vehicle. During the search, the officers discovered a large, white plastic garbage bag with the end tied in a knot. The plastic garbage bag contained a large quantity of cannabis, cash, methamphetamine, and several oxycodone tablets. The officers obtained consent from Hilda Escamilla to search her residence. Inside the residence, the officers discovered more cannabis, methamphetamine, and drug paraphernalia.
The relevant evidence against Chavez was discovered in a paper Avon bag that was found inside the large garbage bag in the trunk of the Mercury automobile. The Avon bag contained three plastic bags. The first of those plastic bags contained ten small baggies of methamphetamine. The second and third plastic bags each contained a single zip-lock bag that was wrapped in foil. The two zip-lock bags, in turn, each contained sixteen small baggies of methamphetamine.
The Florida Department of Law Enforcement (F.D.L.E.) crime laboratory discovered latent prints on the foil found in the second and third plastic bags. Print comparisons determined that sixteen latent fingerprints and four latent palm prints found on the foil matched that of Chavez.
Chavez moved for a judgment of acquittal on the grounds that the State had failed to *1308 prove constructive possession. Chavez argued that the only evidence submitted against him was the palm and fingerprints located on the foil which was wrapped around the zip-lock bags that contained baggies containing methamphetamine, and the testimony by one of the law enforcement officers that Chavez’s van had been seen at the residence owned by the codefendants. The State responded that the bags wrapped in the foil were clear and, thus, the methamphetamine was visible under the foil and, second, that sixteen fingerprints and four palm prints belonging to Chavez were located on the foil. The trial court denied Chavez’s motion for judgment of acquittal.
Chavez correctly argues that the trial court erred in denying his motion for judgment of acquittal. The evidence presented by the State was insufficient to sustain Chavez’s conviction.
In Tanksley v. State, 332 So.2d 76 (Fla. 2d DCA 1976), this court reviewed a similar situation. In that case, police officers, responding to a tip concerning illegal drug activity, went to a vacant lot in which approximately ten to twenty people had gathered. One of the officers asked those present if anyone was carrying drags. The appellant, who was seated on a couch in the lot, responded, “Not me man.” The officers subsequently discovered a brown paper bag about fifteen feet away from the couch. The officers opened the bag and found a partial envelope that contained some foil packets of heroin. The State identified a fingerprint belonging to the appellant inside the partial envelope. The State charged the appellant with possession of heroin. At the close of the State’s case, the appellant moved for a directed verdict which was denied. The appellant was found guilty and sentenced. See id. at 76-77.
On appeal, this court concluded that the trial court erred in not granting á directed verdict because “the evidence was insufficient to sustain the conviction for possession.” Id. at 77. The court stated:
Appellant’s presence on the lot and his denial of possession of narcotics are not sufficient circumstantial evidence to indicate the requisite knowledge of the drags. Nor is the presence of his fingerprint on the heroin-containing envelope sufficient evidence of appellant’s awareness of the drags_ Here it was possible that appellant had handled and discarded the envelope before the heroin was placed inside. More than the fingerprint and his proximity to the drug were required to prove possession.
Id. at 77.
The only real difference between this case and Tanksley is that instead of one fingerprint, we have twenty. However, Chavez correctly points out that this fact is irrelevant. The quantity of fingerprints only indicates how many times the object was held, not when it was held. The State did not draw any nexus between the number of prints found on the foil and the fact that the foil was used to wrap bags containing methamphetamine. If the State had shown that the locations of the prints on the foil matched logical gripping positions for the shape of the methamphetamine package, the number of prints may have been relevant. However, the State offered no such evidence. Therefore, the fingerprint evidence in this case should be treated no differently than that in Tanksley.
There is no evidence to point to whether Chavez held the foil prior to it being wrapped around the baggies containing the methamphetamine or did the wrapping himself. Furthermore, the fact that Chavez’s vehicle was seen at the codefendants’ residence on sporadic occasions only shows that he knew the codefendants.
It is well established that when the State relies on circumstantial evidence, “the, circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged.” Hall v. State, 90 Fla. 719, 720, 107 So. 246, 247 (1925). It is not sufficient that the facts create a strong probability of, and are consistent with, guilt. They also must eliminate all reasonable hypotheses of innocence. See Terzado v. State, 232 So.2d 232, 233 (Fla. 4th DCA 1970).
We reverse Chavez’s conviction and direct the trial court to enter a judgment of acquit *1309 tal because the State’s evidence does not support a conclusion by the trier of fact that the evidence excluded every reasonable hypothesis but that of guilt.
Reversed with directions to the trial court to enter a judgment of acquittal.
PARKER, C.J., and CAMPBELL and THREADGILL, JJ., concur.