785 So.2d 605 (2001)
Larry SCRUGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3434.
District Court of Appeal of Florida, Fourth District.
April 25, 2001.
Rehearing Denied May 17, 2001.
*606 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant, Larry Scruggs, appeals his judgments of conviction for possession of cocaine and driving while license revoked. We reverse.
On February 27, 2000, at approximately 3:30 a.m., Officer Carmen Mattox of the North Palm Beach Police Department saw a Cadillac on U .S. 1. He ran the tag and received information that the tag belonged to a station wagon, not a Cadillac. The officer pulled up beside the car to look inside and the car immediately turned right into a parking lot. Mattox turned around and pulled up behind the car, which had stopped in the parking lot. Appellant was the sole occupant of the vehicle. As the officer approached, appellant was getting out of the driver's side. Appellant gave the officer a Florida identification card. When the officer called the information in to dispatch, he found out that appellant's license was revoked as a habitual traffic violator. Mattox arrested appellant for driving with a revoked license and placed him in his patrol car. At the time of appellant's arrest, there was no other person present.
Backup officers arrived. Sergeant Lerner found drugs and drug paraphernalia on the ground, approximately three feet from the driver's door of appellant's vehicle. He found several items: a bag containing about fifteen smaller green baggies containing crack cocaine; a single bag containing marijuana; a plastic liquor bottle that had been converted into a crack pipe; and a 35 mm film cannister containing capsules filled with white powder and rice pellets. Inside appellant's vehicle, on the driver's side floorboard, Sergeant Lerner found small green ziplock baggies similar to the green baggies containing crack cocaine found outside the vehicle. Also, on the driver's seat, the officer found a plastic lid that fit the top of the film cannister found outside the car.
Appellant was charged with possession of cocaine and driving with a revoked license. He pled not guilty and proceeded to trial without a jury. On cross-examination, *607 Officer Mattox testified that he did not see appellant drop anything. After both sides rested, defense counsel moved for judgment of acquittal, arguing that the state had not met its burden of proving that appellant constructively possessed the cocaine found on the ground. Defense counsel argued that the state's evidence was not inconsistent with the reasonable hypothesis that the contraband was already on the ground when appellant stopped, and that the packaging materials were not unique enough to warrant the state's theory that they provided a sufficient link to the contraband. The trial judge disagreed and denied the motion. He found appellant guilty of both counts.
On appellant's first point on appeal, he argues, and the state properly concedes, that this court must reverse for a new trial because the record does not contain a written or oral waiver of jury trial. See Tucker v. State, 559 So.2d 218, 220 (Fla.1990) (a defendant may waive the right to a jury trial, provided the waiver is in the record); Babb v. State, 736 So.2d 35, 37 (Fla. 4th DCA 1999) ("[O]ur supreme court has made it clear that waiver of [a jury trial] may be made only by written waiver in accordance with the rule, or orally on the record after colloquy from which the court finds the waiver is voluntarily, knowingly and intelligently made."); Hyler v. State, 732 So.2d 1208, 1209 (Fla. 4th DCA 1999); Sinkfield v. State, 681 So.2d 838 (Fla. 4th DCA 1996).
Appellant next argues that the trial court erred in denying his motion for judgment of acquittal because the state failed to present sufficient evidence that he constructively possessed the drugs found on the ground near his car. When a conviction is based wholly on circumstantial evidence, a special standard of review applies. State v. Law, 559 So.2d 187 (Fla. 1989). "Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." Id. at 188. See also E.H.A. v. State, 760 So.2d 1117, 1119 (Fla. 4th DCA 2000).
Because appellant did not have actual, physical possession of the cocaine, the state was required to prove that he was in constructive possession of it. To establish constructive possession of a controlled substance, the state must show that the accused had dominion and control over the contraband, knowledge of its presence, the ability to maintain control over it, and knowledge of the illicit nature of the contraband. Earle v. State, 745 So.2d 1087, 1089 (Fla. 4th DCA 1999)(citing Brown v. State, 428 So.2d 250, 252 (Fla.1983) and Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA 1998)). Mere proximity to contraband is not sufficient to establish constructive possession. Lewis v. State, 570 So.2d 346, 348 (Fla. 2d DCA 1990); see also Jean v. State, 638 So.2d 995 (Fla. 4th DCA 1994).
Here, the state failed to satisfy the elements of constructive possession. There was no evidence presented at trial that the appellant had dominion and control over the contraband or knowledge of its presence. The contraband was found in a public place; no fingerprint evidence linked the appellant to the items found on the grass near his car; no drugs were recovered from appellant's vehicle; no one saw appellant discard the items; and appellant did not make any incriminating statements. Although plastic baggies "similar" to the ones found on the ground were recovered from appellant's vehicle, as well as the lid to a 35 mm cannister, these items are fungible and readily available to anyone. See Williams v. State, 573 So.2d 124 (Fla. 4th DCA 1991); McGowan v. *608 State, 778 So.2d 354 (Fla. 2d DCA 2001); Woods v. State, 765 So.2d 255 (Fla. 2d DCA 2000); Agee v. State, 522 So.2d 1044 (Fla. 2d DCA 1988); cf. Ball v. State, 758 So.2d 1239 (Fla. 5th DCA 2000).
Accordingly, we reverse the judgment of conviction and sentence on the possession of cocaine count with instructions to discharge appellant as to this offense. On the driving with a revoked license charge, we reverse and remand for a new trial.
REVERSED and REMANDED.
POLEN, STEVENSON, and TAYLOR, JJ., concur.