839 So.2d 832 (2003)
J.M., Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1967.
District Court of Appeal of Florida, Fourth District.
March 5, 2003.
*833 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
J.M. appeals a disposition order adjudicating him delinquent for possession of cocaine. We reverse because the state failed to prove that appellant was in constructive possession of the cocaine.
Appellant was a passenger in a car occupied by two others. The car was parked at night, with its lights on, in a warehouse parking lot adjacent to Boomers Amusement Park. When two deputies of the Broward Sheriff's Office approached the vehicle, it started to move, but then stopped when the deputies turned on their patrol emergency lights. Sergeant Chase walked over to the driver's side. As he approached, he smelled the odor of marijuana coming from the car. He asked the driver for his license, insurance, and registration. The driver had no identification and was asked to step out of the vehicle. Upon searching the driver, Sergeant Chase discovered $260 on his person.
Deputy Gebert approached the passenger side of the vehicle and ordered the front passenger and appellant, who was in the back seat, out of the vehicle. On the backseat floorboard, the officer found a Crazy Glue container. Inside the container were pieces of crack cocaine, cut in different shapes and sizes. Appellant was arrested and charged with possession of cocaine with intent to sell or deliver.
On cross-examination, Deputy Gebert admitted that the only reason he believed the Crazy Glue container belonged to appellant was because of its proximity to appellant in the car. He testified that when he first approached the vehicle, he did not see appellant make any furtive or suspicious movements. When he searched appellant, he did not find any drugs or *834 money on him. Moreover, appellant did not make any incriminating statements. The driver, on the other hand, admitted that cocaine inside a film cannister found in the car belonged to him.
Appellant moved for judgment of acquittal, arguing that the state had failed to prove that he was in constructive possession of the cocaine. He contended that his mere proximity to the contraband was not sufficient to establish his knowledge of the cocaine's presence. Appellant also asserted that the state's evidence of intent to sell was insufficient.[1] The trial court denied the motion and found appellant guilty of the lesser included crime of possession of cocaine.
Because appellant was not in actual, physical possession of the cocaine, the state had to proceed on a theory of constructive possession. See Scruggs v. State, 785 So.2d 605, 607 (Fla. 4th DCA 2001)("Because appellant did not have actual, physical possession of the cocaine, the state was required to prove that he was in constructive possession of it."). "To establish constructive possession of a controlled substance, the state must show that the accused had dominion and control over the contraband, knowledge of its presence, the ability to maintain control over it, and knowledge of its illicit nature." Id.
If the premises on which the contraband is found is in joint, rather than exclusive, possession of a defendant, knowledge of the presence of the contraband on the premises and the accused's ability to maintain control over it will not be inferred, but must be established by independent proof. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances, other than the mere location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises. Mere proximity to contraband is not sufficient to establish constructive possession.
Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA 1998) (citations omitted).
In this case, where there were two other occupants of the vehicle, the state needed to prove that appellant had actual knowledge of the presence of the cocaine or present evidence of incriminating statements and circumstances from which the trier of fact could lawfully infer appellant's knowledge of the presence of the cocaine. The state, however, established only appellant's proximity to the glue tube containing the cocaine. This alone failed to establish that appellant knew about the presence of the contraband or of its illicit nature. See Pressley v. State, 712 So.2d 1240 (Fla. 4th DCA 1998)(discussing that state failed to establish defendant's knowledge of illegal drugs where small particle of crack cocaine and marijuana residue were found in car); McClain v. State, 559 So.2d 425 (Fla. 4th DCA 1990)(concluding that state failed to prove constructive possession where cocaine was found in automobile in which defendant was a passenger; defendant was sitting over the cocaine, and, although his fingerprint was on the outside of paper bag in which cocaine was found, his fingerprints were not located on inner wrappings); Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987)(discussing that state failed to prove defendant's knowledge of cocaine found in car in which he was a passenger for a short time); Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976)(holding that state failed to present sufficient evidenced of defendant's knowledge *835 of the presence of marijuana in automobile); D.J. v. State, 330 So.2d 35 (Fla. 4th DCA 1976)(concluding that half-burned marijuana cigarette found by defendant/front-passenger was insufficient to prove that defendant constructively possessed cocaine); J.A.C. v. State, 816 So.2d 1228 (Fla. 5th DCA 2002)(concluding that state failed to prove constructive possession where marijuana cigarette was found in ashtray on the front passenger door, next to defendant); Skelton v. State, 609 So.2d 716 (Fla. 2d DCA 1992)(concluding that state failed to prove the defendant constructively possessed cocaine that was partially hidden under the passenger seat near where defendant's feet had been, because mere proximity to contraband is insufficient).
The state's argument that it proved knowledge by presenting evidence that the glue container was in plain view is unavailing. While knowledge of the presence of contraband can be established by proof that the contraband was in plain view, such proof was not presented here. The supplemented record shows that the glue container was not transparent. Thus, even assuming that the state proved that the glue container was in plain view, the state, at most, proved appellant's knowledge of the presence of the glue tube, not the cocaine inside it. See Bradshaw v. State, 509 So.2d 1306, 1309 (Fla. 1st DCA 1987)(noting that drugs contained in a non-transparent envelope will not be considered to be in plain view).
For the stated reasons, we reverse the order adjudicating appellant delinquent of possession of cocaine.
SHAHOOD, J., and FLEET, J. LEONARD, Associate Judge, concur.
NOTES
[1] At the adjudicatory hearing the officer testified that the size and amount of the cocaine were consistent with sale, not personal use.