840 So.2d 455 (2003)
Tavares McCOY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1373.
District Court of Appeal of Florida, Fourth District.
March 26, 2003.
*456 Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Tavares McCoy, timely appeals his conviction for possession of crack cocaine, arguing that the trial court erred in denying his motion for judgment of acquittal. We affirm.
The contraband in question, approximately $100 worth of crack cocaine, was found in a cup located on the front porch of a home which did not belong to appellant. A police officer had observed appellant sitting in a chair on the porch for approximately five to ten minutes; the cup was within arm's reach of the chair. No one else was on the porch at the time, although to the left of the chair there was a corded telephone and the cord ran under the front door and into the house. When the officer handcuffed appellant, appellant immediately stated: "It's not mine, it's Keith's." We agree with the State that there was sufficient evidence to establish possession under either an actual possession/"ready reach" theory or a constructive possession theory.
Both a "ready reach" actual possession theory and a constructive possession theory require that the defendant have control over the drugs. See Fla. Std. Jury Instr. (Crim.) Drug AbusePossession (defining actual possession as "in the hand of or on the person" or "the thing is so close as to be within ready reach and is under the control of the person"); State v. Williams, 742 So.2d 509, 511 (Fla. 1st DCA 1999)(discussing the control element under a "ready reach" theory); Williams v. State, 724 So.2d 1214, 1215 (Fla. 4th DCA 1998)(recognizing that ability to maintain control over the contraband is an element of constructive possession). We have reviewed the record and find that regardless of whether the State was proceeding under the theory that McCoy was in actual possession of the drugs because they were within "ready reach" or the theory that McCoy was in constructive possession of the drugs, the evidence was sufficient to establish that McCoy was in control of the drugs. Here, appellant was the only person around and within arm's reach of approximately $100 worth of cocaine which was otherwise unguarded and sitting out in the open on a porch. Under these circumstances, the issue of appellant's guilt became a question for the jury.
AFFIRMED.
STEVENSON, GROSS and MAY, JJ., concur.