PER CURIAM.
Robert Foster appeals his convictions for separate counts of sale and possession of cocaine. We affirm Foster’s conviction for sale because competent, substantial evidence supports it. We reverse the conviction for possession because no evidence, other than a police officer’s testimony that he found a baggy of cocaine on the ground near Foster after police officers swooped in to arrest him, supports the inference that he possessed the illicit drug, actually or constructively. See State v. Williams, 742 So.2d 509, 512 (Fla. 1st DCA 1999) (reciting commonly applied rule that “mere proximity to contraband, without more, is legally insufficient to prove possession.”); Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA 1998) (“Mere proximity to contraband is not sufficient to establish constructive possession.”); Agee v. State, 522 So.2d 1044, 1046 (Fla. 2d DCA 1988) (same); see also Edwards v. State, 582 So.2d 1311, 1314 (Fla. 1st DCA 1988) (“Mere proximity to contraband found in a public place and in the vicinity of several other people does not warrant a finding that the police officer had probable cause to believe that the person or persons closest to the contraband possessed it.”).
On the teachings of cases where courts have reversed convictions for the possession of drugs found in proximity to their putative possessors, we reject the State’s contention that a crack pipe found in appellant’s pocket circumstantially proved he possessed the cocaine found on the ground. See Agee, 522 So.2d at 1046 (holding that evidence of defendant’s proximity to stash of heroin plus evidence of his flight from approaching police officers was “insufficient circumstantial evidence to establish [the defendant’s] constructive possession of the contraband”); Edwards, 532 So.2d at 1314 (holding that evidence of defendant’s proximity to baggy of cocaine plus his possession of several hundreds of dollars in rolled-up bills did not support probable cause for arrest on constructive possession theory). We liken the crack pipe in this case to the circumstantial evidence of guilt in the cases cited; under these circumstances, we cannot regard Foster’s possession of the crack pipe as sufficient circumstantial evidence that he possessed cocaine found on the ground near him.
AFFIRMED in part, REVERSED in part.
BROWNING, C.J., KAHN and ROBERTS, JJ., concur.