NORTHCUTT, Judge.
The circuit court found that G.G. possessed marijuana and paraphernalia and it adjudicated him delinquent. On appeal, G.G. maintains that the evidence was insufficient to support the court’s finding. We agree, and we reverse his adjudication and remand with directions to dismiss the delinquency petition.
G.G., a seventeen-year-old, argued with his father and then fled into a neighborhood conservation area consisting of woods and a park. G.G.’s father became concerned because he could not immediately locate his son and the weather forecast called for a frigid night. He called the Hillsborough County Sheriffs Department, which sent several deputies to search for the boy. The deputies found him after dark, asleep on the ground in an unfenced public park. He was lying near an open field and a playground, close to a wooded area. One deputy shined his flashlight on the ground and spied a black drawstring pouch about a foot from where G.G. was sleeping. The bag contained marijuana and paraphernalia. No contraband was found on G.G.’s person.
The State filed a petition for delinquency claiming that G.G. possessed the contraband discovered in the pouch. At the adjudicatory hearing G.G. moved for a judgment of dismissal, arguing that the evidence was insufficient to prove his possession of the drugs or paraphernalia. The State maintained that G.G. was in actual possession of the contraband because the bag was within his “ready reach.” Under this theory of possession, the State must also prove that the contraband was under the defendant’s control. Sundin v. State, 27 So.3d 675, 676-77 (Fla. 2d DCA 2009); McCoy v. State, 840 So.2d *1164 455 (Fla. 4th DCA 2003). The court below held the somewhat different view that G.G. was in constructive possession of the drugs and paraphernalia. Constructive possession is proved by showing that (1) the accused knew of the presence of the contraband, and (2) he could exercise dominion and control over it. See §§ 893.101, .13, Fla. Stat. (2010); Brown v. State, 8 So.3d 464 (Fla. 2d DCA 2009).[1]
Under either theory of possession, then, the State must prove that the accused had control of the contraband. See McCoy, 840 So.2d at 456. And as we have consistently held, under either theory the requisite control is not established by an accused’s mere proximity to the contraband. See, e.g., Sundin, 27 So.3d at 676-77 (holding evidence insufficient to prove actual possession despite the fact that crack pipe was within defendant’s ready reach on nightstand less than a foot from where defendant was lying on hotel room bed because State presented no evidence linking him to pipe other than his proximity to it, nor did it prove defendant had control over hotel room premises); Davis v. State, 761 So.2d 1154, 1158 (Fla. 2d DCA 2000) (holding that defendant’s proximity to drugs discovered in public alley was insufficient, without more, to prove his constructive possession of drugs).
The facts in this case are akin to those in Davis; King v. State, 817 So.2d 935 (Fla. 5th DCA 2002); Agee v. State, 522 So.2d 1044 (Fla. 2d DCA 1988); and Tanksley v. State, 332 So.2d 76 (Fla. 2d DCA 1976). As in those cases, here the contraband was discovered outdoors, in a location open to the public, but in proximity to the defendant. And, as in the cited cases, here the only evidence the State offered to prove the element of control was the defendant’s proximity to the illegal material. It proved no other circumstance that might have suggested that G.G. had control of the bag or its contents, e.g., an admission, his fingerprints on the drugs or paraphernalia, or the presence of other of his possessions in the bag.
The upshot is that the State’s evidence failed to show that G.G. was even aware that the contraband was nearby, let alone that he had control over it. For this reason, the evidence was insufficient to prove that G.G. committed the possession offenses, and his delinquency adjudication must be reversed with directions to dismiss the petition.
Reversed and remanded with directions.
ALTENBERND and VILLANTI, JJ., Concur.

. We recognize that the question of whether section 893.13 is unconstitutional because it does not require the State to prove the defendant's knowledge of the illicit nature of the contraband is pending before the Florida Supreme Court in State v. Adkins. See 71 So.3d 117 (FIa.2011) (granting review). As we will explain, the evidence in this case failed to prove that G.G. had dominion or control over the drugs or the paraphernalia. Because the State’s proof failed on this element, we need not reach the issue presented in Adkins.