NORTHCUTT, Judge.
The State petitioned to have K.D.T. declared delinquent for being a minor in possession of a firearm, § 790.22(3), (5)(a) Fla. Stat. (2011); and for possession of a firearm with the serial number removed, § 790.27(2)(a). The circuit court found that K.D.T. committed both crimes, withheld adjudication of delinquency, and placed K.D.T. on twelve months’ probation. We affirm the determination that K.D.T. was delinquent based on the minor in possession of a firearm charge. But we reverse as to the removed serial number charge because the State did not present evidence sufficient to prove that crime.
Two Hillsborough County Sheriffs deputies smelled the odor of burning marijuana wafting from a parked car. They removed the four occupants from the vehicle and searched it. K.D.T. had been sitting in the front passenger-side seat, in close proximity to an unlocked glove compartment in which the deputies found a handgun. K.D.T. made spontaneous statements incriminating himself as the possessor of the gun. See G.G. v. State, 84 So.3d 1162 (Fla. 2d DCA 2012) (noting that proximity plus a defendant’s admission that the contraband was his could be sufficient to prove constructive possession). Thus we *256 affirm the court’s finding that K.D.T. was a minor in possession of a firearm.
But the State’s evidence concerning the gun’s missing serial number was not sufficient to prove the elements of that crime. Section 790.27(2)(a) makes it unlawful for “any person to knowingly sell, deliver, or possess any firearm on which the manufacturer’s or importer’s serial number has been unlawfully altered or removed.” On the type of gun at issue here, the serial number is not engraved directly on the weapon. Rather, it is etched on a separate plate that is attached to the weapon. According to the evidence below, the plate was missing from the particular gun that Z.D.T. possessed.
At the adjudicatory hearing, K.D.T. moved to dismiss this charge, pointing out that the State presented no evidence that he was familiar with guns, or that he knew the serial number for the gun was on a plate and that the plate had been removed. He noted that the standard jury instruction for the crime required a finding that the defendant “knew the serial number had been altered or removed.” See Fla. Std. Jury Instr. (Crim.) 10.18. But the court decided that the jury instruction did not require “actual knowledge.” It analogized this possession charge to one of marijuana possession and determined that the State needed only to prove that K.D.T. knew he possessed the gun, not that he knew the serial number had been altered or removed.
We disagree. We have found only one case specifically interpreting section 790.27(2). In that case, the Fifth District, when reviewing whether the evidence was sufficient to show that a crime had been committed, stated that “[ajlthough there was no direct evidence that Appellant knew the serial number was altered, viewing the evidence in the light most favorable to the State, a fair inference arises that Appellant knew the revolver’s señal number was altered.” B.L.S. v. State, 14 So.3d 1087, 1089 (Fla. 5th DCA 2009) (emphasis supplied).
Moreover, drug possession offenses are not analogous to this crime. Our legislature amended the drug possession statutes to provide that knowledge of the illicit nature of the controlled substance is not an element of the possession crime, but is an affirmative defense to that crime. See § 893.101, Fla. Stat. (2011); Fla. Std. Jury Instr. (Crim.) 25.7. In contrast, section 790.27(2) requires knowing possession and the standard jury instruction recites that the defendant must know the serial number has been altered or removed. See § 790.27(2); Fla. Std. Jury Instr. (Crim.) 10.18. The more apt analogy is to the crime of possessing a vehicle “with knowledge” that the motor vehicle identification number “has been destroyed, removed, covered, altered, or defaced,” § 319.33(l)(d), Fla. Stat. (2011). The Fourth District has held that possession of a vehicle, without more, did not prove the guilty knowledge necessary to support a conviction. Jackson v. State, 736 So.2d 77, 85 (Fla. 4th DCA 1999). Jackson suggested that an additional fact, such as the defendant’s fingerprints appearing in the area of the altered VIN, might have been sufficient to show the requisite knowledge that the number had been tampered with.
Finally, the standard jury instruction and the B.L.S. and Jackson cases are consistent with the statutory directive that when the language of any provision in the criminal code is susceptible of differing constructions, “it shall be construed most favorably to the accused.” § 775.021(1), Fla. Stat. (2012). The circuit court’s interpretation of section 790.27(2)(a) in this case was inconsistent with that statutory rule of construction.
*257 Here, the State did not present any evidence other than that the serial number plate was missing. Without additional evidence such as an admission, or that it was obvious to an observer that the plate had been removed, KD.T.’s mere possession of the weapon was insufficient to prove the knowledge element of the section 790.27(2) crime. We reverse the court’s finding that K.D.T. committed this crime and remand for the court to enter a judgment of dismissal on that charge.
Affirmed in part, reversed in part, and remanded with directions.
SILBERMAN and LaROSE, JJ., Concur.