DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DONTE AHMAD MCCRAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2006

[ September 5, 2018 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 562016CF007705A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Donte McCray appeals his conviction and sentence for possession of heroin. Because appellant was not in actual possession of the heroin and the state failed to prove constructive possession, we reverse appellant's conviction and sentence for possession of heroin and remand for entry of a judgment of acquittal on this charge.

On August 2, 2016, a Boynton Beach Police officer conducted a traffic stop of the vehicle appellant was driving. As the officer exited his marked police car, appellant got out of his vehicle. Instead of following the officer's instructions to get back in his vehicle, appellant started running, and the officer chased him on foot. While appellant was running, the officer observed appellant "aggressively reaching in his waistband" and looking over his shoulder at the officer. The officer thought appellant was reaching for a weapon, so he drew his firearm and told appellant to stop running, remove his hands from his waistband, and show his hands. Appellant continued running but ended up falling to the ground. He appeared to have lost his balance.

The officer moved in and jumped on top of appellant, holding him down until backup officers arrived. When the officer searched appellant's waistband area, he did not find anything. The officer believed that whatever appellant had been reaching for inside his waistband had fallen, but he testified that he did not see appellant drop or throw anything.

After appellant was handcuffed, officers searched him but did not find a firearm or weapon. Appellant did not have a driver's license on his person or in his vehicle. Later, a driver's record search revealed that appellant's license was revoked and appellant was notified of the revocation. Over objection, the trial court allowed testimony that the police found $880 cash on appellant's person.

An officer who arrived on the scene when appellant was handcuffed and lying on the ground testified that she did not see appellant holding anything, but the officer who conducted the traffic stop told her something may have been thrown. She followed in the direction where the officer pointed, and within thirty seconds she found a clear plastic bag about ten feet from where appellant had been stopped. The bag was filled with clear capsules that contained a brown substance later identified as heroin. The police did not test the bag or capsules for fingerprints.

The state charged appellant with possession of heroin, resisting an officer without violence, and driving while his license was canceled, suspended, or revoked. The trial court denied appellant's motion for judgment of acquittal on the drug possession charge. The jury found appellant guilty on all counts as charged.

At sentencing, appellant moved for a downward departure sentence, based on his need for specialized treatment for a mental disorder (unrelated to substance abuse or addiction) and his amenability to treatment, pursuant to section 921.0026(2)(d), Florida Statutes. The state responded that it did not oppose appellant's request for mental health and drug treatment, but argued that such treatment could be provided while appellant is in the custody of the Department of Corrections ("DOC"). The trial court declined to impose a downward departure sentence, finding that all the services about which appellant's witnesses testified were available in the DOC, if appellant chose to avail himself of them. The court then sentenced appellant to sixty months in prison for possession of heroin, one year for resisting an officer without violence, and sixty days for driving while his license was canceled, suspended or revoked. Appellant received credit for 105 days served.

Appellant argues on appeal that the trial court erred by: (1) allowing the state to elicit testimony about common drug practices and that appellant had a significant sum of cash on his person; (2) reading an inapplicable, incomplete, and confusing jury instruction regarding the presumption of knowledge of the illicit nature of the substance; (3) denying appellant's motion for judgment of acquittal; and (4) finding no reason to depart from the sentencing guidelines because the Department of Corrections could provide the necessary treatment for appellant's condition. Because we are reversing appellant's conviction for possession of heroin and remanding for entry of a judgment of acquittal on this charge, we need address only the judgment of acquittal issue.

The denial of a motion for judgment of acquittal is reviewed de novo. *R.H. v. State*, 56 So. 3d 156, 157 (Fla. 4th DCA 2011). A judgment of acquittal should not be granted unless no reasonable view favorable to the state exists. *Santiago v. State*, 70 So. 3d 720, 723 (Fla. 4th DCA 2011). An appellate court ordinarily will not reverse a conviction that is supported by competent, substantial evidence. *Harris v. State*, 72 So. 3d 804, 806 (Fla. 4th DCA 2011).

To prove constructive possession, "the state must show that the defendant had knowledge of the contraband's presence and the ability to exercise dominion and control over it." *Duncan v. State*, 986 So. 2d 653, 655 (Fla. 4th DCA 2008) (citing *Edmond v. State*, 963 So. 2d 344, 345-46 (Fla. 4th DCA 2007)). Moreover:

> [i]f the premises on which the contraband is found is in joint, rather than exclusive, possession of a defendant, knowledge of the presence of the contraband on the premises and the accused's ability to maintain control over it will not be inferred, but must be established by independent proof. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances, other than the mere location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises. Mere proximity to contraband is not sufficient to establish constructive possession.

*J.M. v. State*, 839 So. 2d 832, 834 (Fla. 4th DCA 2003) (quoting *Dupree v. State*, 705 So. 2d 90, 94 (Fla. 4th DCA 1998)).

Here, the state failed to carry its burden of proving constructive

3

possession. The state's evidence consisted almost entirely of testimony about appellant's flight and proximity to the contraband. No witnesses testified that they saw drugs on appellant's person or saw him drop or toss the drugs to the ground while he fled or was detained. No evidence was presented that appellant's fingerprints were found on the contraband. Moreover, the area where the heroin was found was a public area with heavy foot traffic and thus was not in appellant's exclusive control. The state needed to present independent proof of knowledge and control. *See Duncan*, 986 So. 2d at 655 ("Where the premises are in joint possession, knowledge of the contraband's presence and the defendant's ability to control the same will not be inferred and must be established by independent evidence.").

This case is factually similar to *Agee v. State*, 522 So. 2d 1044, 1045 (Fla. 2d DCA 1988). There, the Second District held that evidence of mere proximity to a match box containing heroin and flight from the police was insufficient to prove constructive possession of the heroin. *Id.* at 1045-46. The defendant in *Agee* had walked hurriedly away from police and was crouched behind a large oak tree. *Id.* at 1045. An officer approached the defendant, told him to stand up, and looked down to see a match box containing heroin on the grass about one foot from where the defendant had been crouching. *Id.* The court noted that the heroin was found in a public place where others were on the premises and that there was no evidence that the defendant ever touched the match box containing the heroin. The appellate court held that the trial court erred in denying Agee's motion for judgment of acquittal. *Id.* at 1046.

We similarly conclude that the trial court erred in denying appellant's motion for judgment of acquittal, because the state failed to prove by competent, substantial evidence that appellant was in constructive possession of heroin. Accordingly, we reverse appellant's conviction for possession of heroin and remand for entry of a judgment of acquittal on that charge.

*Reversed and Remanded for Entry of Judgment of Acquittal on the charge of possession of heroin.*

LEVINE and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4