633 So.2d 1094 (1994)
Israel MOREJON, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-2578.
District Court of Appeal of Florida, Third District.
January 11, 1994.
Rehearing Denied April 12, 1994.
*1095 Mel Black, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Randall Sutton, Asst. Atty. Gen., for appellee.
Before HUBBART, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Israel Morejon (Morejon), appeals his convictions for sale or delivery of marijuana, possession with intent to distribute, and conspiracy. We reverse.
The evidence at trial established that prior to February 20, 1992, two Key West undercover detectives set up a surveillance of Lee Wright's home. After observing Wright standing outside his home talking on a cordless portable telephone, the officers used an "intercept device" to listen and record Morejon and Wright's conversations.
Morejon, Wright, and others, discussed a sale of "shirts" for "17". Two officers testified that they saw a British television documentary where "shirt" was a code word for heroin. Another officer testified that when he worked as a City of Miami police officer, the code word "shirts" meant contraband.
The officers then observed a brown Toyota arrive at the residence. A co-defendant, Guadalupe Flores, got out of the car and entered the house carrying an almost empty white plastic bag. Shortly thereafter, another person got out of a truck, walked to the middle of the street, and then gestured as if he were signalling someone. Then, Morejon arrived in another vehicle and entered the house carrying a gym bag.
After several minutes, Flores left the house with the same bag looking fuller than before. Flores and several others left in Morejon's truck. Morejon left separately in a brown Nissan.
Subsequently, two uniformed officers stopped the vehicle driven by Flores and arrested the occupants. Thereafter, they stopped Morejon who was driving alone. The police confiscated approximately a pound of marijuana from Flores, several bags of marijuana from another co-defendant, and $1429.00 cash from Morejon.
In a post-arrest statement, Morejon told one of the arresting officers that he had cashed a check the day before for $1400.00. His statement was uncontradicted and unrefuted by the State at trial.
At the conclusion of the State's case, Morejon moved for a judgment of acquittal on all of the charges. The motion was denied. Thereafter, Morejon was found guilty as charged.
*1096 Morejon presents three issues for review. The dispositive issue is whether the evidence was insufficient to convict him on all counts. We determine that the evidence was insufficient and reverse his convictions.
A special standard of review of the sufficiency of the evidence applies where a conviction is wholly based on circumstantial evidence. State v. Law, 559 So.2d 187, 188 (Fla. 1989); Jaramillo v. State, 417 So.2d 257 (Fla. 1982); Lynch v. State, 293 So.2d 44, 45 (Fla. 1974). Where the only evidence of guilt is circumstantial, no matter how strongly the evidence suggests guilt, a conviction cannot stand unless the evidence is inconsistent with any reasonable hypothesis of innocence. Law, 559 So.2d at 188; McArthur v. State, 351 So.2d 972 (Fla. 1977); Mayo v. State, 71 So.2d 899 (Fla. 1954).
A motion for judgment of acquittal should be granted in a circumstantial evidence case if the State fails to adduce evidence from which the jury can exclude every reasonable hypothesis except that of guilt. Law, 559 So.2d at 188; Wilson v. State, 493 So.2d 1019, 1022 (Fla. 1986). The State is not required to "rebut conclusively every possible variation"[1] of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. Law, 559 So.2d at 189; see Toole v. State, 472 So.2d 1174, 1176 (Fla. 1985).
Turning to the facts of this case, the evidence was woefully insufficient to support the defendant's conviction. Other than the fact that the defendant had $1429.00 cash in his possession, the State presented absolutely no evidence that he was a participant in either the sale or delivery of marijuana, possession of marijuana, or a conspiracy to sell marijuana.
The only evidence the State presented against Morejon was that he was involved in conversations with others discussing the sale of "shirts" for "17". The officers' explanation that "shirts" was a code word for heroin or contraband was insufficient to establish that the parties were indeed negotiating the sale or delivery of a pound of marijuana. No one ever observed Morejon in possession of the white plastic bag containing the marijuana, delivering the marijuana to one of the other participants, involved in the instant negotiations, or exchanging the $1429.00 cash for the sale of the marijuana.
Furthermore, the State never conclusively rebutted Morejon's reasonable hypothesis of innocence that the money was from a check that he had cashed the previous day. We conclude the trial court committed reversible error by denying Morejon's motion for judgment of acquittal. Accordingly, we reverse and remand with directions to discharge Morejon.
Reversed and remanded.
HUBBART and GERSTEN, JJ., concur.
COPE, Judge (dissenting).
I respectfully dissent. The evidence included a series of taped telephone conversations in which defendant participated, and a videotape of the arrivals and departures at the residence where the surveillance was conducted. Whether defendant's hypothesis of innocence was (on the facts present here) reasonable was for the jury to decide. See State v. Law, 559 So.2d 187, 188 (Fla. 1989). The convictions should be affirmed.
NOTES
[1] State v. Allen, 335 So.2d 823, 826 (Fla. 1976).