940 So.2d 1263 (2006)
James GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-4265.
District Court of Appeal of Florida, First District.
November 6, 2006.
*1264 Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, James Gibson, challenges his conviction for trafficking in cocaine. Appellant raises six issues on appeal; however, we need only address his first assignment of error. After conducting a thorough review of the record, we find the trial court erred in denying appellant's motion for judgment of acquittal and, accordingly, REVERSE with instructions to discharge appellant with respect to this offense.
The record shows that on March 11, 2004, a confidential informant telephoned someone, allegedly appellant, to arrange the purchase of cocaine. Law enforcement officers gave the confidential informant a recording device and $2,500 with which to make the purchase. The confidential informant arrived at the location of the supposed sale and remained in his vehicle. Thereafter, appellant exited a store and walked across a public parking lot towards the informant's vehicle. Appellant entered the vehicle and sat in the passenger's seat.
The prosecution played for the jury the recorded, but extremely brief, conversation that took place between the informant and appellant while in the vehicle. The recording represented the only verbal evidence regarding the alleged sale at the scene of the arrest. The conversation has one speaker mentioning "nine ounces" and the other speaker making reference to "nine dollars." There were no other intelligible comments on the recording. Immediately after these comments, law enforcement officers approached the vehicle and arrested appellant, ultimately charging him with trafficking in cocaine.[1] Neither appellant nor the confidential informant testified at trial.
*1265 At the time of the arrest, a law enforcement officer recovered the $2,500 from the confidential informant and not from appellant. Further, law enforcement also discovered a baggie containing 28 grams of cocaine on the ground outside of the vehicle in the public parking lot. The record was completely devoid of any evidence of a sale of cocaine between appellant and the confidential informant. No fingerprints were found on the baggie of cocaine nor was there any evidence in the record as to how far the cocaine was from the vehicle at the time of its discovery. Moreover, no evidence in the record showed that appellant ever possessed the cocaine.
At the conclusion of the State's case in chief, defense counsel moved for judgment of acquittal, on the grounds that the State did not present any evidence establishing appellant trafficked in cocaine. Notwithstanding the trial court's comment that the State's case was "weak," it denied appellant's motion. The defense then rested without calling any witnesses and the jury returned a guilty verdict.
A trial court's motion for judgment of acquittal is reviewed de novo. See, e.g., Pagan v. State, 830 So.2d 792, 803 (Fla.2002); Wesson v. State, 899 So.2d 382, 383 (Fla. 1st DCA 2005); Jones v. State, 790 So.2d 1194, 1196 (Fla. 1st DCA 2001). This court must consider the evidence and all reasonable inferences in the light most favorable to the State when reviewing the trial court's decision. See, e.g., Pagan, 830 So.2d at 803; Wesson, 899 So.2d at 383; Jones, 790 So.2d at 1197. "In moving for a judgment of acquittal, a defendant `admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.'" Darling v. State, 808 So.2d 145, 155 (Fla.2002) (quoting Lynch v. State, 293 So.2d 44, 45 (Fla. 1974)). In a case where evidence is purely circumstantial, the State must not only establish each element of the offense beyond a reasonable doubt, "but the evidence must also exclude the defendant's reasonable hypothesis of innocence." Pagan, 830 So.2d at 803 (citing Orme v. State, 677 So.2d 258 (Fla.1996)). In a case of circumstantial evidence, "[t]he state is not required to `rebut conclusively every possible variation' of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events." State v. Law, 559 So.2d 187, 189 (Fla.1989) (footnote omitted; quoting State v. Allen, 335 So.2d 823, 826 (Fla.1976)). "[I]f the state does not offer evidence which is inconsistent with the defendant's hypothesis, `the evidence [would be] such that no view which the jury may lawfully take of it favorable to the [state] can be sustained under the law.'" Law, 559 So.2d at 189 (citing Lynch v. State, 293 So.2d at 45 (Fla.1974)).
In Varas v. State, the Third District Court of Appeal addressed the necessary showing to sustain a conviction of trafficking in cocaine. 815 So.2d 637 (Fla. 3d DCA 2001). It noted:
In order to be convicted of the offense of trafficking in cocaine, four elements must be established beyond a reasonable doubt: a) that the defendant knowingly purchased or possessed a certain substance, b) the substance was cocaine, c) the quantity was 28 grams or more, and d) the defendant knew the substance was cocaine. Fla. Stat. § 893.135(1)(1997). The State must establish its case either by direct or circumstantial evidence.
Id. (citing Dupree v. Florida, 705 So.2d 90 (Fla. 4th DCA 1998) (emphasis added)). Here, the evidence presented by the State consisted of law enforcement testimony *1266 concerning the alleged controlled purchase between appellant and the confidential informant in a public parking lot, the audio tape of the conversation between the informant and appellant, and the baggie of cocaine found on the ground outside the informant's vehicle.
The record in this case is more notable for what it does not contain rather than for what it does contain. No evidence before the jury indicated how the cocaine came to be on the grounds of the public parking lot. Nothing indicates where the cocaine was recovered in relation to appellant. No one testified that appellant possessed the cocaine. No illegal drugs were found in appellant's possession. No evidence indicated that appellant ever exercised any dominion or control over the cocaine or received any money for the cocaine. Indeed, the $2,500 recovered at the scene was reclaimed from the confidential informant. Additionally, appellant made no admissions related to the cocaine, and the 28 grams of cocaine recovered in the public parking lot had nothing to do with the number "9" that was heard on the audio tape.
Appellant's defense throughout the trial was that the baggie of cocaine did not come from him. The State did not present any evidence inconsistent with appellant's theory. The trial court should have granted the motion for judgment of acquittal. See Law, 559 So.2d at 189. See also, e.g., Scruggs v. State, 785 So.2d 605, 607 (Fla. 4th DCA 2001) (reversing denial of judgment of acquittal for possession of cocaine where evidence was wholly circumstantial and the State could not present sufficient evidence to rebut the inference that the defendant did not have actual or constructive possession of cocaine); Wallace v. State, 553 So.2d 777, 777 (Fla. 4th DCA 1989) (reversing denial of judgment of acquittal for conviction for trafficking in cocaine holding "mere proximity" to a place where drugs are found is insufficient to prove offense of trafficking); Morejon v. State, 633 So.2d 1094, 1096 (Fla. 3d DCA 1994) (reversing denial of judgment of acquittal on charges for sale or delivery of marijuana, possession with intent to distribute, and conspiracy on the grounds that the State failed to present competent evidence which was inconsistent with Morejan's theory); Agee v. State, 522 So.2d 1044, 1046 (Fla. 2d DCA 1988) (reversing denial of judgment of acquittal on possession of heroin charge where defendant was found twelve inches away from the matchbox containing the heroin, behind a tree in a public place, there were other people on the premises and there was no evidence defendant touched the matchbox containing the heroin).
Based on the aforementioned, we find the evidence legally insufficient to convict the appellant. We, therefore, reverse appellant's conviction and sentence with instructions to the trial court to discharge him with respect to this offense.
REVERSED.
BENTON and LEWIS, JJ., and SILVERMAN, SCOTT J., Associate Judge, concur.
NOTES
[1] We wish to note that the State of Florida neither charged appellant with conspiracy to traffic in cocaine nor did it charge him with attempting to traffic in cocaine.