963 So.2d 344 (2007)
David Paul EDMOND, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-926.
District Court of Appeal of Florida, Fourth District.
August 22, 2007.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
David Paul Edmond was tried by jury and found guilty of trafficking in cocaine *345 and use or possession of drug paraphernalia. In this appeal, Edmond insists his convictions must be reversed as this was a constructive possession case, the premises where the drugs and paraphernalia were found was in the joint possession of several individuals, and there was no independent evidence demonstrating his knowledge of and ability to control the drugs and paraphernalia. We agree and reverse.
The Evidence
Police executed a search warrant on a home in St. Lucie County. The warrant authorized a search for cocaine, but did not name the defendant as an owner or occupant at the home, instead indicating the home was in the control of an unknown male. The home had two regular bedrooms and a make-shift third bedroom. When police entered, they found the home had little furniture and was cluttered, i.e., there were buckets and lawn furniture in the living room. Immediately upon entry, police found a juvenile female standing in the door to one of the bedrooms. As police proceeded into the house and towards the kitchen, they heard a noise coming from a utility room. To enter the utility room, it was necessary to take two steps down. Police found Edmond at the foot of those steps. Edmond was described as crouched down and kneeling. Police yelled "sheriff's office" and "get on the ground." Edmond attempted to run toward an exterior door. Police restrained him and searched his person. At trial, one of the deputies testified he found $230 in Edmond's right, rear pocket. In a deposition, the same deputy stated Edmond was barely dressed and he did not recall recovering anything from Edmond's person.
Police secured the juvenile female and Edmond in the living room, read the warrant, and performed an inventory search. Police found narcotics in two locations. First, in a southwest bedroom, police found 1.2 grams of cocaine, $240, a Florida identification card and driver's license bearing Edmond's name, both of which were expired and listing an address other than that of the residence being searched, and a Sprint bill addressed to Edmond at the address of the home. There was no evidence regarding the furnishings or other contents of the room and no evidence establishing where the identification and bill were found in relation to the drugs and money.
Second, within one-half to one arm's length of where Edmond had been crouched in the utility room, police found several holes in the block walls of the home. The holes were described as having been built into the home, possibly for air flow, by turning the concrete blocks. Inside these holes, police found an oven mitt and a sock. The oven mitt contained 30.8 grams of crack cocaine. The cocaine in the mitt was still wet when it was found. At trial, police testified crack is not water soluble and the only time it is found wet is after powder cocaine has been "cooked" to make crack. Powdered cocaine and baggies were found in the sock. Police also found four baggies containing crack and a digital scale in the utility room. As for the precise location of the baggies of crack and scale, police testified the scale was "in the exact area where the narcotics in the utility room were found" and the baggies of cocaine were in "[t]he crawl space in the utility room."
No evidence was presented regarding who owned or was renting the home. Three officers recalled that, during execution of the warrant, another man entered the home and was irate. One of the officers recalled the man asked police what they were doing in his house.
The Law of Constructive Possession
To establish constructive possession, the State must prove (1) that the *346 defendant had "dominion and control over the contraband" and (2) that the defendant had "knowledge the contraband was within his presence." Lee v. State, 835 So.2d 1177, 1178 (Fla. 4th DCA 2002).[1] The defendant's knowledge of the presence of the drugs will be inferred if the premises where the drugs are found are in the exclusive possession of the defendant. Id. at 1179 (citing Brown v. State, 428 So.2d 250, 252 (Fla.1983)). Where, however, the premises are in the defendant's and another's joint possession, knowledge of the contraband's presence and the defendant's ability to control the same will not be inferred and must be established by independent evidence. See Mitchell v. State, 958 So.2d 496 (Fla. 4th DCA 2007); Wagner v. State, 950 So.2d 511, 513 (Fla. 2d DCA 2007). Such evidence "may consist of evidence that the defendant had actual knowledge of the presence of the contraband or evidence of incriminating statements or circumstances, other than simple proximity to the contraband, from which the jury could infer the defendant's knowledge." Id. at 513. And, in cases involving joint possession of the premises, the knowledge component can be established by the finding of the contraband in plain view in a common area of the premises. See Mitchell, 958 So.2d at 500. "`Proof of mere proximity of the defendant to the drugs is insufficient to sustain a conviction for constructive possession.'" J.S.M. v. State, 944 So.2d 1143, 1145 (Fla. 2d DCA 2006) (quoting Davis v. State, 761 So.2d 1154, 1158 (Fla. 2d DCA 2000)).
Application of the Law to the Evidence in this Case
This is a case of joint possession, i.e., a bill addressed to Edmond and identification belonging to Edmond were found in a bedroom, a juvenile female was found in a bedroom, and there was evidence that another man claimed the house was his. Consequently, Edmond's knowledge of the drugs and paraphernalia and his ability to control the same could not be inferred, but had to be established by independent evidence. The authority upholding a constructive possession conviction in the case of a defendant's joint possession of the premises where the drugs or contraband were found in plain view and in a common area are of no help to the State here because there was no evidence that the drugs and contraband were found in plain view in a common area. The drugs and paraphernalia found in the utility room were hidden in a cubby hole or crawl space. While cocaine was also found in the bedroom, the testimony failed to establish it was found in plain view.
The State, then, needed something else to tie or link Edmond to the drugs and paraphernalia and establish his knowledge of the items and ability to control the same. And, because this was a circumstantial evidence case, the State was required to present evidence establishing not only every element of the crime, including Edmond's knowledge of and ability to control the drugs, but also evidence inconsistent with Edmond's reasonable hypothesis of innocence, i.e., that he had no knowledge of the contraband and it belonged to another. See Gibson v. State, 940 So.2d 1263, 1265 (Fla. 1st DCA 2006). The State failed to do so.
While Edmond's identification and a bill were found in a bedroom where drugs and money were also found, there was no evidence as to where these items were found *347 in relation to the drugs and money and no evidence that any other personal affects belonging to Edmond were in the room. And, at least two other people had access to the home. As for the drugs and paraphernalia in the utility room, the only evidence that could possibly suggest Edmond had knowledge of the drugs and contraband and the ability to control the same was the fact that the cocaine was wet, suggesting it had recently been cooked, and Edmond's attempt to flee at the sight of police. In the end, though, we believe this evidence was insufficient. There was no testimony regarding how long cocaine stays wet after cooking from which a timeline could be established to demonstrate that the cocaine was so recently cooked and placed in the cubby hole that Edmond must have had knowledge of it. For instance, if cocaine stays wet for fifteen minutes after cooking, then this certainly is more suggestive of knowledge on Edmond's part than if it stays wet for two days. This, then, leaves only Edmond's flight, which is insufficient to prove constructive possession. See Agee v. State, 522 So.2d 1044, 1046 (Fla. 2d DCA 1988); see also Person v. State, 950 So.2d 1270, 1273 (Fla. 2d DCA 2007).
Having concluded that the evidence was insufficient to sustain Edmond's convictions, we reverse the same. Our resolution of the sufficiency of the evidence issue in favor of Edmond renders his second point on appeal moot.
Reversed.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] In 2002, the legislature eliminated knowledge of the illicit nature of the substance as an element of the offense. See Lee, 835 So.2d at 1178 n. 1.