STEVENSON, J.
Tavares Williams was tried by jury and convicted of sale of cocaine and marijuana within 1000 feet of a school and public housing facility. Although Williams raises a number of issues on appeal, we write to address only one — his claim that the trial court erred in denying his motion for judgment of acquittal, which is dispositive of the instant appeal and compels a reversal.
Evidence at trial established that, on April 13, 2006, an undercover officer was in an unmarked patrol car and conducting surveillance in the 1000 block of 18th Street near Tamarind Avenue in West Palm Beach. For a couple of hours, the undercover officer observed the defendant riding up and down the street on a bicycle. At around 9:30 a.m., the officer observed a white Nissan approach and stop. The defendant rode up to the driver’s side door, had a conversation with the driver, looked around, and then gave the driver what the officer believed to be a small object in exchange for money. The officer testified that the object fit within the defendant’s hand and that he never actually saw it. According to the undercover officer, after the exchange, the defendant yelled something to someone to the east and out of the officer’s sight. The defendant then rode his bicycle in that direction, came back about two minutes later, and handed the driver of the car a second object. Again, the officer admitted he did not actually see the object. The officer did not believe any money changed hands during the second exchange.
*1211 The undercover officer radioed a description of the defendant and the white Nissan to nearby officers. Both the defendant and driver of the car were detained. The defendant was searched. No drugs were found on his person, but he did have $500 cash. The driver of the white Nissan did not have a license and, when police asked him to get out of the car, they observed two baggies on the driver’s side floor with suspect cocaine and marijuana. The baggies were approximately one inch by one inch. The parties stipulated that the substances were marijuana and cocaine. Police testified that the manner of packaging indicated the drugs were set up for distribution.
At the close of the State’s case, defense counsel moved for a judgment of acquittal, arguing that the State had failed to prove the defendant had committed any crime as the police never observed anything illegal in the defendant’s possession. The trial court denied the motion. We find that the evidence presented by the State failed to establish a prima facie case of guilt, see Hodge v. State, 970 So.2d 923, 926-27 (Fla. 4th DCA 2008), and thus reverse the judgments of conviction. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002) (recognizing ruling on motion for judgment of acquittal is reviewed de novo on appeal).
Morejon v. State, 633 So.2d 1094 (Fla. 3d DCA 1994), is instructive because there, as here, the State failed to present any evidence actually linking the defendant to the drugs. In Morejon, police were conducting surveillance on a home occupied by a man named Lee Wright and used a device to listen in on Wright’s phone conversations. In one conversation, Wright, Morejon, and others discussed the sale of “shirts” for “17.” Id. at 1095. Police testified that the term “shirts” was a code word for heroin or contraband. A pick-up truck pulled up to the home. A man named Guadalupe Flores exited the vehicle, carrying a plastic bag, and entered the house. A second man exited the truck and gestured as though signaling to someone. Morejon then pulled up to the house in a second vehicle. Morejon entered the home, carrying a gym bag. Several minutes later, Flores exited with the same bag he had earlier carried in and the bag appeared fuller. Flores and several others left in Morejon’s truck. Morejon subsequently left in another vehicle. Police stopped both vehicles. Police confiscated more than a pound of marijuana from Flores and his companions. No drugs were found on Morejon, but he was carrying $1429 in cash. The Third District found that this evidence was insufficient to sustain Morejon’s convictions for sale or delivery of marijuana, possession with intent to distribute, and conspiracy and that his motion for judgment of acquittal should have been granted.
[T]he evidence was woefully insufficient to support the defendant’s conviction. Other than the fact that the defendant had $1429.00 cash in his possession, the State presented absolutely no evidence that he was a participant in either the sale or delivery of marijuana, possession of marijuana, or a conspiracy to sell marijuana.
The only evidence the State presented against Morejon was that he was involved in conversations with others discussing the sale of “shirts” for “17.” The officers’ explanation that “shirts” was a code word for heroin or contraband was insufficient to establish that the parties were indeed negotiating the sale or delivery of a pound of marijuana. No one ever observed Morejon in possession of the white plastic bag containing the marijuana, delivering the marijuana to one of the other participants, involved in the instant negotiations, or *1212 exchanging the $1429.00 cash for the sale of the marijuana.
633 So.2d at 1096.
In the instant case, the evidence failed to place the drugs ultimately found in the white Nissan in Williams’ possession. Police could testify only that they saw what they believed to be a hand-to-hand transaction and that Williams had received some amount of cash from the driver in the first exchange. Police admitted they did not see what was in Williams’ hand during either perceived exchange. Although drugs were found in the white Nissan and police had observed an encounter and possible transaction between Williams and the car's driver, there was no evidence linking the drugs to Williams or in any way limiting the possible sources of the drugs found in the car. As stated by our sister court, “[ejvidence that creates nothing more than a strong suspicion that a defendant committed the crime is not sufficient to support a conviction.” Davis v. State, 761 So.2d 1154, 1158 (Fla. 2d DCA 2000). And, even though “one could intuitively conclude that ... [the defendant] might be guilty,” a verdict and judgment of conviction “ ‘cannot rest on mere probabilities’ ” and “intuition is not a substitute for evidence.” Id. at 1159 (quoting Arant v. State, 256 So.2d 515, 516 (Fla. 1st DCA 1972)). A “strong suspicion” or probability of guilt is all the State’s evidence established here. Accordingly, we reverse Williams’ judgments of conviction and remand with instructions that he be discharged.

Reversed.

STONE and TAYLOR, JJ., concur.