*722
 
 TAYLOR, J.
 

 Ivan Santiago appeals his conviction for possession of cocaine, a lesser-included offense of the charge of trafficking in cocaine. He argues that the trial court erred in denying his motion for judgment of acquittal on the trafficking charge and in admitting
 
 Williams
 
 rule evidence of a prior drug sale. We affirm as to both points on appeal.
 

 Before trial, the state filed a motion to introduce evidence of the defendant’s sale of cocaine to an undercover officer two weeks before events that led to the drug trafficking charge. At the hearing on the
 
 Williams
 
 Rule evidence, an undercover officer for the Palm Beach County Sheriffs Office testified that on February 6, 2008, she went to a mobile home located in West Palm Beach, Florida. She was accompanied by a confidential informant. Once inside, the confidential informant directed the officer to the defendant, who was sitting on a couch in the living room. The confidential informant told the officer that she knew the defendant by the nickname “Snow.” The officer approached the defendant and purchased $40 worth of crack cocaine from him. The defendant took the cocaine out of a cylinder tube and placed it in her hands. During the transaction, the defendant had a gun in his possession and asked the officer if it scared or frightened her. The officer acknowledged at the hearing that she was a little afraid, because she was not armed nor in communication with any other officers.
 

 The case agent testified at the hearing that he obtained a search warrant and executed it on the same residence on February 20, 2008. Before applying for the search warrant, he had information that drugs were being sold at that residence by several different individuals; the defendant was not the owner of the home. To remain anonymous during execution of the warrant, the undercover officer who purchased crack cocaine on February 6 stayed outside in a darkened vehicle. The SWAT team entered the residence and removed everyone from the house, including the defendant. During a search of the residence, officers found several bags of crack cocaine, marijuana, and a gun in the back bedroom behind a wall panel. Individually packed cocaine baggies had the name “Snow” written on them. The undercover officer identified the defendant to the case agent as the person who sold her the crack cocaine on February 6.
 

 The trial court granted the state’s motion to allow
 
 Williams
 
 Rule evidence, explaining that the gun displayed on February 6 and found hidden next to the drugs on February 20, along with the nickname “Snow” written on the cocaine baggies, met the requirement of unique similarities to justify admission of the evidence.
 

 At trial, the undercover officer testified that she purchased crack cocaine from the defendant on February 6, 2008 at the mobile home; that the confidential informant told her the defendant went by the nickname “Snow”; and that the defendant had a gun in his possession. She testified that she waited outside in a darkened vehicle during the search of the mobile home on February 20, 2008, and that after the drugs and gun were discovered, she identified the defendant as the person who sold her crack cocaine on February 6, 2008 and identified the gun as the same one the defendant displayed during the February 6 sale of cocaine.
 

 The case agent testified that he executed a search warrant on the same home on February 20, 2008 and that the defendant was in the home when the police arrived. The search revealed plastic bags of cocaine with the word “Snow” written on them, a marijuana cigarette, and a gun next to them behind a wall panel in a back bed
 
 *723
 
 room. The officer acknowledged that the residence belonged to someone other than the defendant and that drug arrests and investigations of other individuals had taken place at that same residence in the past.
 

 An officer who participated in the search warrant on February 20 made contact with the defendant when he was just outside the front door, but he did not know who the defendant was. The officer said he was told to get the person known as “Snowball.” When he asked the people in the home who Snowball was, no one said anything, but several people looked in the defendant’s direction. When the officer asked the defendant directly, “Are you Snowball?” the defendant said, ‘Tes, but you can call me Ivan.”
 

 A crime lab technician tested the substances from the plastic bags that were recovered on February 20 and verified that they contained cocaine. The total weight was 40.93 grams. The bags had writing on the packaging. Package 1-la was labeled “Jay 0.” Package 1-lb was labeled “Snow,” and 1-1 c was labeled “M.”
 

 After the state rested, the defendant moved for judgment of acquittal. He argued that the state had not established a prima facie ease of trafficking because there was no evidence of actual possession on February 20, 2008, and the elements of constructive possession were not proved. The trial court denied the motion, finding that there were independent incriminating circumstances from which the jury could infer the defendant’s knowledge of the presence of drugs and dominion and control over them. The defendant rested without presenting any witnesses, then renewed his motion for judgment of acquittal. The court denied the motion. The defendant was convicted of possession of cocaine, a lesser-included offense of trafficking.
 

 The defendant argues that the trial court erred in denying his motion for judgment of acquittal because the state failed to present sufficient evidence that he was in constructive possession of the crack cocaine recovered during execution of the search warrant on February 20, 2008. He also argues that the trial court erred in granting the state’s pre-trial motion to introduce
 
 Williams
 
 Rule evidence of the February 6 sale of crack cocaine at his trial on the charge of trafficking in cocaine.
 

 In moving for a judgment of acquittal, the defendant admits all facts adduced and every conclusion favorable to the state reasonably inferred from the evidence.
 
 Fitzpatrick v. State,
 
 900 So.2d 495, 507 (Fla.2005). A motion for judgment of acquittal should not be granted “unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.”
 
 Id.
 
 (quoting
 
 Lynch v. State,
 
 293 So.2d 44, 45 (Fla.1974)). In a circumstantial case, the state is not required to rebut every possible variation of the events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. The question of whether the evidence fails to exclude any reasonable hypothesis of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, the verdict will not be reversed on appeal.
 
 State v. Law,
 
 559 So.2d 187, 188 (Fla.1989).
 

 The cocaine trafficking statute, section 893.135(1)(b)1.a., Florida Statutes (2008), prohibits one from “knowingly” being “in actual or constructive possession” of a certain quantity of cocaine.
 
 See also Earle v. State,
 
 745 So.2d 1087, 1088 (Fla. 4th DCA 1999). In this case, where the premises were jointly occupied by several people
 
 *724
 
 when the drugs were found, the state relied on a theory of constructive possession. As we stated in
 
 Edmond v. State,
 
 963 So.2d 344 (Fla. 4th DCA 2007):
 

 To establish constructive possession, the State must prove (1) that the defendant had “dominion and control over the contraband” and (2) that the defendant had “knowledge the contraband was within his presence.” The defendant’s knowledge of the presence of the drugs will be inferred if the premises where the drugs are found are in the exclusive possession of the defendant. Where, however, the premises are in the defendant’s and another’s joint possession, knowledge of the contraband’s presence and the defendant’s ability to control the same will not be inferred and must be established by independent evidence. Such evidence “may consist of evidence that the defendant had actual knowledge of the presence of the contraband or evidence of incriminating statements or circumstances, other than simple proximity to the contraband, from which the jury could infer the defendant’s knowledge.”
 

 Id.
 
 at 345-46 (internal citations omitted).
 

 The defendant argues that
 
 Edmond
 
 supports reversal of his conviction because there was insufficient evidence of constructive possession. In
 
 Edmond,
 
 during execution of a search warrant on a home, the police found narcotics in two locations: in a bedroom where the defendant’s identification card and driver’s license and a phone bill were also found, and inside holes of concrete block walls of a utility room. The home was occupied by at least two other people. We found the evidence insufficient to prove constructive possession because, although the defendant’s identification and bill were found in a bedroom where drugs and money were found, there was no evidence as to where these items were found in relation to the drugs and money. Further, the only evidence suggesting that the defendant had knowledge of drugs and paraphernalia found in the utility room, and ability to control them, was the fact that the cocaine was wet, suggesting it had recently been cooked, and the defendant’s attempt to flee when the police arrived. We concluded that the state failed to not only establish that the defendant knew of and had the ability to control the drugs, but that the state also failed to establish “evidence inconsistent with [the defendant’s] reasonable hypothesis of innocence, i.e., that he had no knowledge of the contraband and it belonged to another.”
 
 Id.
 
 at 346.
 

 Here, unlike in
 
 Edmond,
 
 there was sufficient evidence indicating that the defendant knew of and had dominion and control over the crack cocaine found in the residence. The state introduced evidence that the defendant went by the nickname “Snow” or “Snowball,” and that one of the bags found during the February 20 search had “Snow” written on the outside of the package. Further, officers found a handgun hidden next to the cocaine labeled “Snow” that an officer identified as the same gun the defendant displayed during the sale of crack cocaine to the officer on February 6 at the same residence. These facts, viewed in the light most favorable to the state, provided independent evidence from which the jury could infer the defendant’s knowledge, dominion, and control over the drugs. Moreover, this evidence was inconsistent with any reasonable hypothesis of innocence. For these reasons, we affirm the trial court’s denial of the motion for judgment of acquittal.
 

 In his second point on appeal, the defendant argues that the trial court abused its discretion in admitting evidence of the defendant’s sale of cocaine to an undercover officer two weeks before the
 
 *725
 
 police found drugs during execution of the search warrant. The state sought admission of this evidence as
 
 Williams
 
 rule evidence.
 
 Williams
 
 rule evidence is “admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.” § 90.404(2)(a), Fla. Stat.;
 
 see also Williams v. State,
 
 110 So.2d 654, 663 (Fla. 1959). “In determining the admissibility of collateral crime evidence, the trial court must make two determinations: (1) whether the evidence is relevant or material to some aspect of the offense being tried, and (2) whether the probative value is substantially outweighed by any prejudice.”
 
 Audano v. State,
 
 641 So.2d 1356,1359 (Fla. 2d DCA 1994) (citing §§ 90.402, 90.403 and 90.404(2), Fla. Stat.);
 
 see also Alsfield v. State,
 
 22 So.3d 619, 621 (Fla. 4th DCA 2009).
 

 Relevancy is the threshold question.
 
 McLean v. State,
 
 934 So.2d 1248, 1259 (Fla.2006). As the Florida Supreme Court stated in
 
 Williams,
 
 “If found to be relevant for any purpose save that of showing bad character or propensity, then [the evidence] should be admitted.”
 
 Williams,
 
 110 So.2d at 662. Relevant evidence is defined as evidence that tends to prove or disprove a material fact.
 
 See
 
 § 90.401, Fla. Stat. (2008).
 

 In this case, the February 6 drug transaction was relevant to prove that the defendant had knowledge of and control and dominion over the crack cocaine seized during the search on February 20. The state’s evidence on its
 
 Williams
 
 rule motion showed that on February 6, the confidential informant told the undercover officer that she knew the defendant by the street name of “Snow”; the defendant showed a gun to the officer at the residence; and the defendant sold crack cocaine to the officer at the residence. The state’s evidence further showed that at the execution of the search warrant on February 20 at the residence, the police seized packages of crack cocaine and a gun hidden next to each other behind a wall; one of the packages of crack cocaine was labeled “Snow”; the officer identified the gun as the one which the defendant showed her on February 6; the undercover officer identified the defendant as the person who sold her the crack cocaine on February 6; and when the police asked the other persons present who “Snowball” was, they looked at the defendant. The details of the February 6 event were sufficiently similar to the details of the February 20 event — especially regarding the defendant’s unique street name of “Snow” and the unique label of “Snow” on the package of crack cocaine — to allow the state to introduce the details of the February 6 event to prove that the defendant knew of and had control and dominion over the crack cocaine seized on February 20.
 
 Cf. Parker v. State,
 
 20 So.3d 966 (Fla. 3d DCA 2009) (holding that two prior drug transactions were improperly admitted as collateral crimes evidence in a drug prosecution where the two prior transactions were not relevant to any material issue of fact).
 

 The standard of review for the admission of
 
 Williams
 
 rule evidence is abuse of discretion.
 
 Stav v. State,
 
 860 So.2d 478, 480 (Fla. 4th DCA 2003) (citing
 
 Geldreich v. State,
 
 763 So.2d 1114, 1116 (Fla. 4th DCA 1999)). Considering the unique facts of the
 
 Williams
 
 rule evidence in this case, the relevancy of this evidence to proving the defendant’s knowledge and control of the drugs, and that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice, we cannot say that the trial court abused
 
 *726
 
 its discretion. Accordingly, we affirm the judgment of conviction and sentence for possession of cocaine.
 

 Affirmed.
 

 GERBER, J., and PEGG, ROBERT L„ Associate Judge, concur.