POLEN, J.
The defendant was convicted of violating sections 893.135(l)(a) and 893.03(l)(c), Florida Statutes (2009). He now appeals his conviction and sentence arguing (1) that the trial court improperly admitted Williams rule evidence of empty crates found in his storage unit, which alerted a drug-sniffing K9 to the presence of marijuana, and (2) that section 893.135 is facially unconstitutional. We disagree with the defendant and hold that (1) the trial court did not abuse its discretion by admitting this Williams rule evidence because the crates were relevant to prove a continuing scheme and that the defendant had knowledge of the contents of the crate delivered to him on May 6, 2009; and (2) the statutory scheme is constitutional.[1] Accordingly, we affirm.
The standard of review for the admission of Williams rule evidence is abuse of discretion. Santiago v. State, 70 So.3d 720, 725 (Fla. 4th DCA 2011). Similar-fact evidence, or Williams rule evidence, is “admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but is inadmissible when the evidence is relevant solely to prove bad character or propensity.” DeLuise v. State, 72 So.3d 248, 251 (Fla. 4th DCA 2011) (quoting § 90.404(2)(a), Fla. Stat.). “In determining the admissibility of collateral crime evidence, the trial court must make two determinations: (1) whether the evidence is relevant or material to some aspect of the offense being tried, and (2) whether the probative value is substantially outweighed by any prejudice.” Santiago, 70 So.3d at 725.
The defendant in this case was charged with violating section 893.135 for “unlawfully and knowingly purchasing] or hav[ing] in his actual or constructive possession ... Cannabis, in an amount in excess of twenty-five (25) pounds, but less than two thousand (2,000) pounds.” (emphasis added). Section 893.135 specifically prohibits a person from “knowingly” engaging in the prohibited conduct. § 893.135(l)(a), Fla. Stat. (2009). As was *196 the ease in Santiago, the State offered the Williams rule evidence in this case to prove that the defendant “knew of and had dominion and control over the [cannabis]” for which he was charged with trafficking. See Santiago, 70 So.3d at 724. The State’s evidence in this case consisted of other empty crates, which compared to the crate containing the cannabis at issue, had similar packaging, identical nails and wood, similar shipping labels with addresses from California, were in a storage unit rented by the defendant under an assumed name, and contained the odor of marijuana sufficient to alert a drug-sniffing K9. Because knowledge is a specific element of the crime charged, the evidence of the other crates was admissible Williams rule evidence because it was “relevant or material to some aspect of the offense being tried” rather than used simply to prove propensity. Santiago, 70 So.3d at 725. We hold, therefore, that this evidence was properly admitted as Williams rule evidence because it was relevant to prove the defendant’s participation in a continuing scheme and relevant to show that he had knowledge of the contents of the crate he received on May 6, 2009.
Although the State mentioned the evidence in closing argument and other portions of the trial, the record does not demonstrate that the Williams rule evidence became the feature of the trial. See DeLuise, 72 So.3d at 252. As in DeLuise, “[although the prosecutor did discuss the Williams rule [evidence] in closing, the focus of the case was on the [cannabis that was] the subject of the charged crime[ ].” See id. The probative value of this Williams rule evidence was, therefore, not substantially outweighed by the danger of unfair prejudice. Accordingly, the trial court did not abuse its discretion by admitting evidence of these other crates. The defendant’s conviction and sentence is affirmed.

Affirmed.

CONNER, J., and KEYSER, JANIS BRUSTARES, Associate Judge, concur.

. The constitutionality of Chapter 893 was recently answered by the Florida Supreme Court. State v. Adkins, 96 So.3d 412 (Fla. 2012) (holding that Chapter 893 of the Florida Statutes is constitutional on its face).