PER CURIAM.
Little R. Henderson appeals his judgments and sentences for three counts of criminal use of personal identification information. Mr. Henderson filed a motion to suppress evidence obtained from an iPad, claiming that it was obtained in violation of the Fourth Amendment prohibition against unreasonable searches and seizures. The trial court denied the motion after a hearing, and Mr. Henderson entered a guilty plea to the offenses and was sentenced to concurrent terms of 17.4 months in prison for the three offenses and was given credit for 215 days previously spent in jail. He argues on appeal that the trial court erred in denying his motion to suppress. We affirm because there was no finding by the trial court that the motion was dispositive and therefore the issue may not be raised on direct appeal.
I. Facts and Procedural History
At the hearing on Mr. Henderson’s motion to suppress, Stephanie Hess testified that on October 10, 2010, she was working at the front desk of the Hampton Inn and Suites in downtown St. Petersburg. She testified that a woman named Crystal Brown arrived between 12:30 and 1:00 a.m. and checked into a room for one night. Ms. Brown had made the reservation through the website Travelocity, and Mr. Henderson was with her when she checked in at the hotel. About ten minutes after Ms. Brown checked in, a representative from Travelocity called Ms. Hess and told her that Ms. Brown’s credit card was declined.[1] Ms. Hess transferred the call to Ms. Brown’s room. The representative *1094 from Travelocity called again and told Ms. Hess that Ms. Brown was going to come back to the front desk and pay for the room. Ms. Hess waited about ten to fifteen minutes, and when Ms. Brown never came back to the front desk to pay for the room, she called the police.
Officer Brian Bilbrey and another officer arrived about fifteen minutes later. Officer Bilbrey testified that he was responding to a call regarding a person who had used a fraudulent credit card to purchase a room through an online travel service. Upon arrival, they went to Ms. Brown’s hotel room with another hotel employee. The employee knocked on the door several times for “a good two minutes” and there was no response. The hotel employee opened the door and they could see that the room was empty. There were no lights on inside the room, and there were no personal items in the room except for an iPad left underneath the edge of one bed in plain view. Because there were no other personal belongings in the room, such as luggage, clothes, or a toothbrush, they concluded that the room had been vacated. Officer Bilbrey took the iPad from the room to determine who owned it. After talking again to Ms. Hess, Officer Bilbrey contacted the Travelocity employee, who informed him that Ms. Brown had used a credit card belonging to Lisa Nelson, who lives in Minnesota, when she made the hotel reservation with Travelocity-
Officer Bilbrey was not able to determine who owned the iPad because there was no indentifying information on the outside of the iPad. In an attempt to locate the name of the owner, he looked for the serial number of the iPad by pressing the stand-by button and looking at the settings application.[2] While Officer Bilbrey was obtaining the serial number of the iPad, he noticed that the notes application had been open and he touched that icon. Several names with fifteen to twenty-digit numbers and dates appeared on the open note, which Officer Bilbrey believed were credit card numbers and expiration dates. Officer Bilbrey then went back to the police station to create a photo lineup of Ms. Brown to show to Ms. Hess.
Ms. Brown later called the hotel between 2:00 and 2:30 a.m., and Ms. Hess told her that she was no longer welcome at the hotel. Ms. Brown then came back to the hotel with Mr. Henderson about an hour and a half to two hours after the room had been searched and asked for the iPad. However, by this time, Officer Bil-brey had left the hotel with the iPad. Ms. Hess called Officer Bilbrey and informed him that Ms. Brown and Mr. Henderson were at the hotel, and she informed them that Officer Bilbrey was returning to the hotel. Ms. Brown and Mr. Henderson did not want to wait at the hotel for Officer Bilbrey to arrive with the iPad and they left the hotel again.
When Officer Bilbrey arrived back at the hotel, he telephoned Ms. Brown, who stated that she was driving back to the hotel. However, from the background noise on the telephone, it sounded like Ms. Brown was not in a car and was most likely standing close to the hotel. Officer Bilbrey broadcast a description of Ms. Brown and Mr. Henderson on the police radio, and they were found about 300 yards away from the hotel in a park watching Officer Bilbrey.
Officers brought the pair back to the hotel and Officer Bilbrey read them the Miranda[3] warnings. When asked sepa *1095 rately about the iPad, Ms. Brown stated that she purchased the iPad with cash several months ago, but Mr. Henderson claimed that a relative had given him the iPad. Neither Ms. Brown nor Mr. Henderson provided Officer Bilbrey with the serial number of the iPad.
Detective Nancy Pillucere investigated the possible fraud case and, as part of that investigation, called Lisa Nelson, the owner of the credit card which Ms. Brown had used. Ms. Nelson did not know Ms. Brown or Mr. Henderson and she had never given either of them permission to use her credit card. Detective Pillucere then interviewed Ms. Brown, who stated that Mr. Henderson was with her when she purchased the iPad at Best Buy and they both used it, but she was the person who paid for it. Ms. Brown then gave Detective Pillucere consent to search the iPad. Detective Pillucere testified that Ms. Brown also gave her consent to search other computers and hard drives that were recovered that night.
Mr. Henderson elected not to testify at the hearing on his motion to suppress. At the end of the hearing, the trial court denied the motion to suppress based on three findings: “there was no standing,” the iPad was abandoned, and Ms. Brown consented to the search of the iPad.
II. Analysis
When Mr. Henderson entered the guilty plea, he reserved the right to appeal the denial of the motion to suppress but did not assert that the motion was disposi-tive, and the trial court made no such finding. Florida Rule of Appellate Procedure 9.140(b)(2)(A) provides that a defendant may not appeal from a guilty plea if he or she does not expressly reserve the right to appeal a prior dispositive order of the trial court. Mr. Henderson made no suggestion that the motion to suppress was dispositive at the plea hearing, the sentencing hearing, or in the written plea agreement. Because there was no finding or agreement that the motion was disposi-tive, Mr. Henderson may not appeal the denial of the motion. See Leonard v. State, 760 So.2d 114, 119 (Fla.2000) (holding that a district court should summarily affirm “when the court determines that an appeal does not present ... a legally dis-positive issue that was expressly reserved for appellate review”).
Further, it appears that the suppression of the iPad was not dispositive of the case. At the sentencing hearing, the State announced a factual basis for the charges, indicating that in addition to the iPad, the officers had obtained the victims’ information in a vehicle and Mr. Henderson admitted to his involvement in the offenses. It was also noted that Ms. Brown had previously entered a plea to these charges and the offense of fraudulent use of a credit card. Therefore, Ms. Brown may have been agreeable to testify against Mr. Henderson. Additionally, according to Detective Pillucere’s testimony at the suppression hearing, other computers and hard drives were recovered that evening. “A motion is dispositive if the State could not proceed to trial if the defendant prevailed on the appeal of the ruling on the motion.” M.N. v. State, 16 So.3d 280, 281 (Fla. 2d DCA 2009). Even if Mr. Henderson had prevailed in this appeal, it appears that the State may have been able to proceed to trial.
III. Conclusion
Mr. Henderson is precluded from raising on appeal the denial of his motion to suppress where he entered a guilty plea to the charges without any indication that the motion was dispositive. We therefore affirm Mr. Henderson’s convictions and sentences.
Affirmed.
*1096 BLACK, J., Concurs.
CASANUEVA, J., Concurs specially with an opinion.
WALLACE, J., Concurs in result only with opinion.

. According to Ms. Hess's testimony, a hotel guest pays Travelocity for the room and Tra-velocity then pays the hotel for the room.

. Officer Bilbrey was still in his police car at the hotel parking lot when he searched for the serial number of the iPad. There is no indication in the record that Officer Bilbrey was able to discover the name of the owner from the serial number.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).