NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TEX CORDELL FOSTER,                          )
                                             )
            Appellant,                       )
                                             )
v.                                           )          Case No.  2D16-3902
                                             )
 STATE OF FLORIDA,                           )
                                             )
            Appellee.                        )
_____          )

Opinion filed December 6, 2017.

Appeal from the Circuit Court for Lee
County; Margaret Steinbeck, Judge.

Howard L. Dimmig, II, Public Defender, and
Judith Ellis, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


LaROSE, Chief Judge.

          In this Anders[1] appeal, Tex Cordell Foster appeals his judgment and

sentence entered after he pleaded guilty to lewd or lascivious conduct.  We have

jurisdiction.  See Fla. R. App. P. 9.140(b)(1)(A), (F).  We affirm his conviction without

further comment.  We write to explain why, despite Mr. Foster's express reservation of

_____

          [1]Anders v. California, 386 U.S. 738 (1967).

the trial court's ruling allowing Williams[2] rule evidence, the issue is not cognizable on appeal.

## Background

The State charged Mr. Foster with lewd or lascivious molestation, a life felony. As the case progressed, the State filed a Williams rule notice pursuant to section 90.404(2)(d)(1), Florida Statutes (2015). The trial court conducted a hearing and determined that the evidence, testimony from another child allegedly molested by Mr. Foster, was "admissible and relevant to prove motive, intent, and absence of mistake." The trial court memorialized its ruling in a detailed written order.

On the day of trial, defense counsel announced that the parties had negotiated a plea agreement. The State agreed to a reduced charge and Mr. Foster agreed to an eight-year prison sentence followed by five years of sex offender probation. Defense counsel further declared that as "part of the plea [Mr. Foster] is reserving the right to appeal the Williams rule hearing." The trial court expressed skepticism, observing that "it is an interlocutory order . . . that would only be apparent to the appellate court at trial." In light of its misgivings, the trial court asked Mr. Foster whether he still wished to proceed with his plea. Mr. Foster responded that he did. After a thorough plea colloquy, the trial court sentenced him in accordance with the negotiated disposition.

---

[2]See § 90.404(2)(b)(1), Fla. Stat. (2015) ("In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant."); see also Williams v. State, 110 So. 2d 654 (Fla. 1959).

## Analysis

Following entry of a guilty plea, the Florida Statutes and the Florida Rules of Appellate Procedure cabin the scope of a defendant's appeal. Section 924.051(4), Florida Statutes (2016), states that "if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence." The Florida Rules of Appellate Procedure provide that upon entry of a guilty plea, a defendant may appeal "<u>a prior dispositive order</u> of the lower tribunal" for which the right to appeal has been expressly reserved. Fla. R. App. P. 9.140(b)(2)(A)(i) (emphasis added); <u>see also</u> <u>England v. State</u>, 46 So. 3d 127, 129 (Fla. 2d DCA 2010) ("Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i) states in relevant part that a defendant may not appeal from a guilty plea except where the defendant has expressly reserved the right to appeal a prior dispositive order and identified with particularity the point of law being reserved.").

Two barriers block Mr. Foster's attempt to appeal the <u>Williams</u> rule order. First, as we have recognized in the context of suppression motions, the parties may stipulate, or the trial court must expressly find, that the order is, in fact, dispositive. <u>See</u> <u>Dermio v. State</u>, 112 So. 3d 551, 557 (Fla. 2d DCA 2013) ("We have previously recognized that orders denying motions to suppress confessions are not dispositive unless stipulated to by the parties." (citing <u>England</u>, 46 So. 3d at 129)). The record reflects no such stipulation. <u>See</u> <u>Henderson v. State</u>, 135 So. 3d 1092, 1095 (Fla. 2d DCA 2013) ("Mr. Henderson made no suggestion that the motion to suppress was dispositive at the plea hearing, the sentencing hearing, or in the written plea agreement. Because there was no finding or agreement that the motion was dispositive, Mr. Henderson may not appeal the denial of the motion."). Moreover, Mr. Foster made no

suggestion at the plea hearing that the Williams rule order was dispositive, nor did the trial court make such a finding.

Second, "[a]n issue is preserved for appeal on a guilty plea only if it is dispositive of the case." Levine v. State, 788 So. 2d 379, 380 (Fla. 4th DCA 2001). "A motion is dispositive if the State could not proceed to trial if the defendant prevailed on the appeal of the ruling on the motion." M.N. v. State, 16 So. 3d 280, 281 (Fla. 2d DCA 2009) (en banc); see, e.g., Campbell v. State, 386 So. 2d 629, 629 (Fla. 5th DCA 1980) ("We do not decide [the trial court's denial of appellant's motion to suppress] because, even if we were to reverse the order denying the suppression, the state has other evidence and eye witness testimony with which to try the appellant. Thus[,] the issue is not dispositive of the case.").

The trial court's Williams rule order was not dispositive. Even if the ruling was erroneous, the State could, and likely would, have proceeded to trial. Williams rule evidence is "admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." § 90.404(2)(a); see, e.g., Ricketts v. State, 125 So. 3d 194, 195-96 (Fla. 4th DCA 2013) ("Because knowledge is a specific element of [trafficking in cannabis], the evidence of the other crates was admissible Williams rule evidence because it was 'relevant or material to some aspect of the offense being tried . . . .' " (quoting Santiago v. State, 70 So. 3d 720, 725 (Fla. 4th DCA 2011))).

But the evidence was not necessary to obtain a conviction. Even if the trial court excluded the Williams rule evidence, the State could have still called the victim to testify at trial. Without commenting upon the weight afforded to the victim's testimony, a determination for the jury, we observe that the victim's testimony, alone,

could likely be sufficient to establish the elements of the charged offense.  See §

800.04(5)(a), (b), Fla.  Stat. (2015); cf. Henderson, 135 So. 3d at 1095 (stating that the

motion seeking suppression of evidence obtained from a computer tablet was not

dispositive as the State "may have [nonetheless] been able to proceed to trial" based

upon the additional evidence possessed by the State); Campbell, 386 So. 2d at 629.

Because the trial court's Williams ruling was not dispositive, it is not cognizable for this

court's review.

We therefore affirm Mr. Foster's judgment and sentence.  See Leonard v.

State, 760 So. 2d 114, 119 (Fla. 2000) (holding that a district court should summarily

affirm "when the court determines that an appeal does not present . . . a legally

dispositive issue that was expressly reserved for appellate review").

Affirmed.


SILBERMAN and MORRIS, JJ., Concur.