DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICIA KAY SUBLETT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1925

[February 19, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert B. Meadows, Judge; L.T. Case No. 312022CF000740A.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Zi Jin Peter Chan, Assistant Attorney General, Tampa, for appellee.

GROSS, J.

After a non-jury trial, Patricia Sublett was convicted of burglary of a dwelling and petit theft. On appeal, she argues that the circuit court erred in denying her motion for judgment of acquittal. We affirm the conviction.

We view the evidence at trial in the light most favorable to the State. *Gibson v. State*, 940 So. 2d 1263, 1265 (Fla. 1st DCA 2006) (citing *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002)).

The victim in the case testified that she began renting a room in Sublett's home about two months before the day of the incident. The victim and Sublett did not have a written rental agreement. The rental was a "month-to-month room rental." The victim occupied a screen porch in the home, and she had blocked off a door leading outside.

To access the porch, the victim used the home's front door. One time, the victim asked Sublett, in her capacity as the landlord, to fix a leak in

the roof over the porch. When Sublett and a repairman entered her room, the victim refused the service because Sublett had failed to provide prior notice that she would be entering the room to make repairs. The victim "repeatedly" told Sublett to "stay out" of her room.

The victim texted Sublett that she would vacate the room by July 10, 2022.

On the evening of July 1, 2022, over a Ring camera, the victim observed Sublett inside her room and called law enforcement. The victim testified that she had not given Sublett permission to enter the room to access her medical marijuana.

A detective and another officer responded to the home. Sublett admitted to taking "just a part of one" of the victim's medical marijuana cigarettes; she said that she entered the room and went through the victim's drawers because she "felt like getting stoned." After officers showed the victim "containers from pre-rolls and . . . marijuana" that they had recovered from Sublett, the victim identified the objects as hers and said that she never gave Sublett permission to take or use her medical marijuana products.

In a motion for judgment of acquittal on the burglary charge, Sublett's attorney argued that she had a right to be in the screened porch of her home and thus could not commit a burglary.

The trial court properly denied the motion for judgment of acquittal because Sublett's rental of the porch to the victim limited her right of access to it during the tenancy. The evidence at trial did not fall under any of the situations that would have authorized her presence on the porch and thereby removed the case from the burglary statute.

The charged burglary in this case entails "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless . . . the defendant is licensed or invited to enter." § 810.02(1)(b)1., Fla. Stat. (2022).

Section 810.011(2) defines a "dwelling" as

> a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.

§ 810.011(2), Fla. Stat. (2022).

The porch that the victim had rented from Sublett falls under this definition of a dwelling. The victim's occupancy of the porch as a tenant constituted a "possession which is rightful as against the burglar and is satisfied by proof of special or temporary ownership, possession, or control." *In re M.E.*, 370 So. 2d 795, 797 (Fla. 1979).

Florida's residential landlord and tenant law is consistent with the victim's assertion of dominion over the porch.

The Florida Residential Landlord and Tenant Act, Part II of Chapter 83, Florida Statutes (2022), applies to "the rental of a dwelling unit." § 83.41, Fla. Stat. (2022). In pertinent part, section 83.43(2)(a) defines a "dwelling unit" as a "structure or part of a structure that is rented for use as a home, residence, or sleeping place by one person." § 83.43(2)(a), Fla. Stat. (2022). A dwelling unit may be rented by an oral agreement. *See* § 83.43(7), Fla. Stat. (2022).

A tenant generally has exclusive possession of a rented dwelling unit. Section 83.53(2) sets forth the circumstances allowing a landlord to enter rented premises during the term of a tenancy:

> The landlord may enter the dwelling unit at any time for the protection or preservation of the premises. The landlord may enter the dwelling unit upon reasonable notice to the tenant and at a reasonable time for the purpose of repair of the premises. "Reasonable notice" for the purpose of repair is notice given at least 24 hours prior to the entry, and reasonable time for the purpose of repair shall be between the hours of 7:30 a.m. and 8:00 p.m. The landlord may enter the dwelling unit when necessary for the further purposes set forth in subsection (1) under any of the following circumstances:
>
> (a) With the consent of the tenant;
>
> (b) In case of emergency;
>
> (c) When the tenant unreasonably withholds consent; or
>
> (d) If the tenant is absent from the premises for a period of time equal to one-half the time for periodic rental

payments.  If the rent is current and the tenant notifies the landlord of an intended absence, then the landlord may enter only with the consent of the tenant or for the protection or preservation of the premises.

§ 83.53(2), Fla. Stat. (2022).

The victim did not consent to or otherwise license Sublett's entry onto the porch.  None of the section 83.53(2) circumstances, which authorize a landlord's entry into a tenant's dwelling unit, apply in this case.

*Affirmed.*

WARNER and LEVINE, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***